## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANCY MARTIGNAGO, AMY FERGUSON, CINDY SELLERS, CATERINA DERKASCH, JUNE PARMAN FLAX and ROBIN GRANDUSKY on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| MERRILL LYNCH & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, BANK OF AMERICA CORPORATION, | ) ) ) ) |
| | ) |
| Defendants. | |

Case No. 11-cv-03923-PGG

**Judge Paul G. Gardephe**

Jury Trial Demanded

### SECOND AMENDED COMPLAINT

Plaintiffs Nancy Martignago, Amy Ferguson, Cindy Sellers, Caterina Derkasch, June Parman Flax and Robin Grandusky on behalf of themselves and all others similarly situated, by and through their attorneys, hereby file this Second Amended Complaint against Defendants Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch" or "the Firm"), and Bank of America Corporation ("Bank of America") (collectively "Defendants"), and state as follows:

### NATURE OF THE ACTION

1.     Plaintiffs work or worked as Client Associates ("CA") for Merrill Lynch at over 13 branch offices in 6 different states.

2.     Plaintiffs and other CAs employed by Defendants were all subjected to the same pay practice: excluding a portion of CAs' regular earnings, called supplemental pay, in the

calculation of the regular rate for overtime pay purposes, and the failure to pay for all time worked in individual work weeks.

3.      Plaintiffs bring this action on behalf of themselves and other similarly situated CAs employed by Defendants who, pursuant to Merrill Lynch corporate policies and practices, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual work weeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

4.      Plaintiffs Derkasch and Grandusky also bring class action claims under New York state law, Plaintiff Flax brings state law class action claims under California state law, and Plaintiff Sellers brings state law class action claims under Maryland and Washington state law. Plaintiffs Derkasch, Grandusky, Flax, and Sellers bring their state law class claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4), for Defendants' failure to pay them and other similarly situated CAs for all earned overtime pay.

5.      In addition, Plaintiffs Martignago, Ferguson and Sellers have filed  representative Charges of Discrimination with the Equal Employment Opportunity Commission.  Plaintiff Grandusky intends to do so in connection with the filing of this Second Amended Complaint. After having exhausted their administrative remedies and upon receiving their Notices of Right to Sue, Plaintiffs intend to amend their complaint to include additional allegations of gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, on an individual and class-wide basis.

## JURISDICTION AND VENUE

6.      Plaintiffs' claims arise under The Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331and 29 U.S.C.

§ 216(b).

7.      This Court also has original jurisdiction over all the state law class claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), and in the alternative, supplemental jurisdiction over all class claims in this action under 28 U.S.C. § 1367. This is a class action in which: (1) there are 100 or more putative members in Plaintiffs' proposed classes; (2) at least some members of the proposed classes have different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

8.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

9.      The corporate headquarters and principal place of business of Defendant Merrill Lynch is located in this District in New York City, where Merrill Lynch employs thousands of employees and where many of its corporate policies and decisions are made.

10.     All Defendants are licensed and do business in this District.

## PARTIES

11.     Plaintiff Nancy Martignago ("Martignago") is a female CA who began her employment with Merrill Lynch in approximately 1985. Martignago currently works as a Senior Registered CA for Merrill Lynch, and has spent much of her career as a CA in Merrill Lynch's Fort Worth, Texas branch office, where she is currently employed.

12.     Plaintiff Amy Ferguson ("Ferguson") is a female who worked as a CA for Merrill Lynch in the Naples, Florida branch offices from December 1999 until April 2011.

13.     Plaintiff Cindy Sellers ("Sellers") is a female who has worked as a CA in Defendants' Ocean City, Maryland branch office since November 2011. Sellers also worked as a CA for Merrill Lynch in its Seattle, Washington office from 2010 until November 2011, in

3

Defendants' Naples, Florida branch office from 2004 to 2010, in Defendants' Bridgewater, New Jersey branch office from 2002 until 2004, and Defendants' Somerville, New Jersey office from 1988 until1990..

14.     Plaintiff Caterina Derkasch ("Derkasch") is a female who worked as a CA in various offices in Defendants' New York office, including Melville, South Hampton, and Garden City between 1982 and in or about April 2009.

15.     Plaintiff June Parman Flax ("Flax") is a female who worked for Defendants as a CA in Defendants' Indian Wells, California office from between 2004 and on or about April 2009.

16.     Plaintiff Robin Grandusky ("Grandusky") is a female who worked as a CA for Merrill Lynch in the Pittsford, New York branch office from April 2004 until January 2012.

17.     Defendant Merrill Lynch is a registered broker dealer and investment advisor that provides brokerage and investment banking services, among others.  Prior to January 1, 2009, Merrill Lynch was a wholly owned subsidiary of Merrill Lynch & Co., Inc., a financial services holding company.

18.     Defendant Bank of America is one of the largest financial services companies in the world, serving clients in over 150 countries, and having relationships with over 99% of the United States' Fortune 500 companies.  Incorporated in Delaware and headquartered in North Carolina, Bank of America provides a wide variety of banking and investment services to individual, corporate, and institutional clients worldwide.  Through the merger with Merrill Lynch, explained in further detail below, Bank of America became the largest brokerage in the world, with over 15,000 financial advisors, and approximately $2.2 trillion in client assets.

19.     On September 15, 2008, Bank of America and Merrill Lynch announced that Bank of America would acquire Merrill Lynch for approximately $50 billion in an all-stock transaction. The acquisition closed on January 1, 2009. As a result of the acquisition, Merrill Lynch & Co., Inc. and all of its subsidiaries (including Merrill Lynch, Pierce, Fenner & Smith Incorporated) are now wholly owned subsidiaries of Bank of America.

## FACTS COMMON TO THE FLSA COLLECTIVE ACTION AND STATE LAW CLASS ACTION CLAIMS

20.     Plaintiffs and other similarly situated employees are current and former employees who are employed by Defendants as CAs and who were paid overtime pay based on an incorrect and illegally low regular rate of pay, and who were not paid for some or all of their work activities prior to the beginning of their shifts, or after the end of their shifts, or both.

21.     Plaintiffs and the proposed FLSA Class Members were subjected to similar violations of the FLSA. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as:

> a.  "All current and former CAs who have been employed at any time during the past three years by Defendants" ("putative FLSA class members")

The precise size and the identity of the putative FLSA class members should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants and its related and affiliated entities.

22.     Plaintiffs also seek class certification under Fed. R. Civ. P. 23 of the following state law sub-classes:

> a.  All persons who were employed by Defendants as CAs at any time from February 1, 2008 through the present in California (the "California Class");

> b.  All persons who were employed by Defendants as CAs at any time from February 1, 2006 through the present in New York (the "New York Class");

c.     All persons who were employed by Defendants as CAs at any time from February 1, 2009 through the present in Washington (the "Washington Class");

d.     All persons who were employed by Defendants as CAs at any time from February 1, 2009 through the present in Maryland (the "Maryland Class");

23.     Plaintiffs' primary job duties, as well as those of the putative FLSA Class, and as described more fully below, are to provide service and sales assistance to Defendants' clients and their Financial Advisor ("FA") workforce.

24.     Defendants provide retail brokerage services to their clients through their FA workforce.  CAs are assigned to work for FAs and play an essential role in supporting FAs and servicing Defendants' clients.

25.     Defendants' CAs are all subject to the same rules, compensation and personnel policies, operating policies and procedures, and human resources policies and practices, and generally share the same job description, throughout all of Defendants' branches and offices in the United States.

26.     Merrill Lynch established and maintains a compensation system whereby CA regular pay is comprised of two main components: (1) a salary paid by the Firm, and (2) "supplemental compensation" paid from the commissions of the FAs to whom the CAs are assigned by Merrill Lynch.

27.     Merrill Lynch sets salaries for their CA employees.

28.     Under Merrill Lynch policies and practices, the amount of supplemental compensation is set by the FAs for whom Merrill Lynch assigns CAs to work.

29.     Supplemental compensation is set forth in written agreements and until very recently was fixed for a six-month period, either in terms of a fixed amount or percentage of commissions.

6

30.     While Merrill Lynch requires its FA workforce to pay for this supplemental compensation from the FAs' commissions from Firm and FA clients, Merrill Lynch controls the supplemental compensation.

31.     Merrill Lynch management must review and approve CA supplemental compensation.  In addition, Merrill Lynch actually makes the fund transfer, withholds all taxes, and administers the payment.

32.     Supplemental compensation is deducted from the FA's commissions and paid out monthly by Merrill Lynch, with the CA's regular check from Merrill Lynch. Thus, CAs receive checks for supplemental compensation and salary from Merrill Lynch, not from the FAs to whom they are assigned.

33.     The supplemental compensation that CAs receive is not a bonus, gift, or incentive payment.

34.     This supplemental compensation constitutes part of a CA's regular pay, upon which CAs depend and expect once an agreement has been met between the CA, the FA and Merrill Lynch management.

35.     With respect to overtime, CAs are paid overtime based on their low base Merrill Lynch salaries, and not their total compensation.

36.     For example, Defendants calculated Plaintiffs and other CAs regular rate of pay for overtime pay purposes, and the overtime rate, as follows:

Salary/2080 hours = Regular Rate.

Regular Rate * 1.5 = Overtime Rate

37.     In weeks that Defendants paid CAs overtime pay, Defendants did not include supplemental compensation earned by CAs as part of CAs' regular rate of pay for overtime purposes.

38.     Defendants' failure to include CAs' supplemental compensation as part of gross compensation for purposes of calculating the regular rate of pay for overtime purposes resulted in CAs being paid overtime pay based on incorrectly low regular rate of pay. 29 C.F.R. §778.117.

39.     Merrill Lynch requires that management approve overtime before it is paid. However, Merrill Lynch management frequently refuses to authorize overtime, even in situations where the CA is compelled to work overtime by her supervising FA. This denial of overtime pay is unlawful under the FLSA, regardless of whether Merrill Lynch pre-approved the overtime hours worked.

40.     Many FAs require their CAs to work overtime, even without management authorization.

41.     As Merrill Lynch is aware, many CAs, out of fear of angering their FAs or disturbing their compensation arrangements with the FAs, do not refuse to work the overtime hours requested or required by their FAs, nor do they raise overtime issues with or ask to be paid overtime by their FAs. In any event, Merrill Lynch (and not the FA) is required to compensate CAs for their overtime.

42.     Thus, CAs are denied payment for the overtime hours owed to them because they worked the hours without prior management authorization, or are denied authorization after the fact, when Merrill Lynch management is well aware that the CAs have worked the overtime. This denial of overtime pay is unlawful under the FLSA.

43.     Defendants have failed to pay Plaintiffs, and the FLSA Class, overtime wages owed to them for working hours in excess of a forty-hour work week, at a rate of one and one half times their regular rates of pay in violation of the FLSA.

44.     Defendants also failed to maintain records of all time worked by Plaintiffs and the FLSA class.  In so doing, Defendants have violated the record keeping requirements of the FLSA.

45.     This action is being brought as a class action under New York, California Washington, and Maryland state laws (the "State Law Classes"), pursuant to Rule 23, Fed. R. Civ. P. 23, because the State Law Classes are so numerous that joinder of all class members is impracticable.

46.     The Representative Plaintiffs and the members of the State Law Classes have been equally affected by Defendant's practice of not properly compensating employees for all overtime worked.

47.     The Representative Plaintiffs and the members of the State Law Classes have been equally affected by Defendants' failure to pay all earned wages to their employees

48.     Furthermore, members of the State Law Classes still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

49.     The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations that may exist between members of the State Law Classes, if any.

50.     The Representative Plaintiffs, the members of the State Law Classes and Defendants have a commonality of interest in the subject matter and the remedy sought.

51.     The Representative Plaintiffs are able to fairly and adequately represent and protect the interests of the members of the State Law Classes.

52.     Plaintiffs' Counsel are competent and experienced in litigating large wage and hour and other employment class actions.

53.     If individual actions were required to be brought by each member of the classes injured or affected, the result would be a multiplicity of actions, creating a hardship to the State Law Classes, to the Court, and to Defendant.  Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Classes are entitled.

54.     Plaintiffs and their counsel will fairly and adequately protect the interest of both classes.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Collective Action)

Plaintiffs incorporate by reference each and every allegation paragraphs 1 through 54, as if fully stated in this Complaint as if stated herein.

55.     Plaintiffs, who are or were employed as Merrill Lynch CAs, bring this action as a collective action on behalf of themselves and all those similarly situated for unpaid overtime compensation under the FLSA ("the FLSA Class"). Plaintiffs' consent forms are either attached hereto as Exhibit A, or have previously been filed with the Court. *See* Dkt. Nos. 1-1, 23-1, 24-1, 30-1. Additional party plaintiff consent forms were also previously filed. *See* Dkt. Nos. 22-1, 35-1

56.     Plaintiffs were Defendants' "employee(s)," as that term is defined by the FLSA, 29 U.S.C. §203(d).

57.     Defendants were Plaintiffs' "employer" as defined in the FLSA, 29 U.S.C. §203(d).

58.     Defendants are an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.  29 U.S.C. §203(s)(1).

59.     At all material times, Plaintiffs were not "exempt" from the overtime wage provisions of the FLSA. 29 U.S.C. §207.

60.     At all material times, other CAs employed by Defendants were not "exempt" from the overtime wage provisions of the FLSA. 29 U.S.C. §207.

61.     Defendants' policies and practices violate the FLSA.  Plaintiffs, and similarly situated CAs, seek overtime compensation for all owed overtime wages, liquidated and/or other damages and penalties as permitted under the law, interest, and attorneys' fees and costs.

62.     Defendants willfully violated the FLSA by failing to properly compensate their CAs, including for overtime worked, and by failing to properly record and account for the full time that CAs work, thereby creating incomplete and inaccurate work and payroll records.

## SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK STATE WAGE AND HOUR LAWS
### (Plaintiffs Derkasch and Grandusky individually and on behalf of a Class)

63.     Plaintiffs incorporate by reference each and every allegation paragraphs 1 through 62, as if fully stated in this Complaint as if stated herein.

64.     The foregoing conduct, as alleged, violates the New York Minimum Wage Act, Labor Law § 650 et seq., the New York Wage Payment Act, Labor Law § 190 et seq., and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (together, the "New York Labor Law").

65.     At all relevant times, Defendants have been "employers" within the meaning of New York Labor Law § 651.  At all relevant times, Defendants employed, and continue to employ, employees, including each of the New York Class members, within the meaning of the New York Labor Law.

Unpaid Overtime

66.     The New York Labor Law requires an employer, such as Defendants, to pay overtime compensation to all non-exempt employees.

67.     The New York Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

68.     At all relevant times, Defendants had a policy and practice of failing and refusing to pay overtime pay to the New York Class members based on their correct regular rate of pay and for all time worked in excess of forty hours per week.

69.     As a result of Defendants' failure to pay wages earned and due, and their decision to withhold wages earned and due, to the New York Class members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants violated the New York Labor Law.

70.     The New York Class members seek recovery of attorneys' fees and costs of this action to be paid by Defendants, as provided by New York Labor Law § 663(1).

71.     The New York Class members seek the amount of his underpayments based on Defendants' failure to pay one and one half time the regular rate of pay for work performed in excess of forty hours, as provided by New York Labor Law § 663(1), and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

Spread-of-Hours Compensation

72.     In addition, Plaintiffs and the New York Class members worked shifts of greater than ten hours without receiving additional "spread-of-hours" compensation from Defendants.

73.     This conduct violates the New York Minimum Wage Act, Labor Law Article 19 § 650 et seq. ("MWA"), and the supporting New York State Department of Labor regulations, specifically the MWA's provisions requiring "spread-of-hours" pay, which require employers to pay additional "spread-of-hours" compensation to employees who work shifts of greater than ten hours.

74.     Defendants nonetheless had a policy and practice of failing and refusing to pay "spread of hours" compensation to the New York Class members for their shifts of greater than 10 hours.

75.     As a result of Defendants' failure to pay "spread of hours" compensation to the New York Plaintiffs and to New York Class members for their shifts of greater than 10 hours, Defendants violated the MWA.

76.     The New York Class members seek recovery of attorneys' fees and costs of this action to be paid by Defendants, as provided by New York Labor Law § 663(1).

77.     The New York Class members seek the amount of underpayments based on Defendants' failure to "spread of hours" compensation to New York Class members for their shifts of greater than 10 hours.

## THIRD CAUSE OF ACTION
## VIOLATION OF CALIFORNIA WAGE AND HOUR LAWS
### (Plaintiff Flax individually and on behalf of a Class)

78.     Plaintiffs incorporate by reference each and every allegation paragraphs 1 through 62, as if fully stated in this Complaint as if stated herein.

Unpaid Overtime

79.     The foregoing conduct, as alleged, constitutes a violation of California's wage and hour laws.   California law requires employers, such as Defendants, to pay overtime compensation to all non-exempt employees for all time worked over forty per week, or over eight per day.

80.     The California Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.   *See* California Labor Code § 510 and the provisions of the I.W.C. wage order No. 4

81.     Throughout the California Class Period, and continuing through the present, the California Class members worked in excess of eight hours in a workday and/or forty hours in a workweek.

82.     During the California Class Period, Defendant failed and refused to pay overtime premium pay at the correct rate of pay for all time worked. *See* Labor Code §§ 558, 1194, and 1197.1.

Failure to Furnish Accurate Wage Statements

83.     Labor Code § 226(a) requires employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee. Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

84.     Defendants knowingly and intentionally failed to furnish Plaintiffs and similarly situated CAs with timely, itemized statements showing the correct overtime rate of pay, as required by Labor Code § 226(a). As a result, Defendants are liable to Plaintiffs and similarly situated CAs for the amounts provided by Labor Code § 226(e).

85.     By violating Labor Code §226, Defendants are also liable for civil penalties and attorneys' fees and costs under Labor Code § 226.

Meal Periods

86.     Labor Code §§226.7 and 512 and the applicable IWC wage orders required Defendants to provide meal and rest periods to their CAs. Labor Code §§226.7 and 512 and the IWC wage orders prohibit employers from employing an employee for more than five hours without a meal period of not less than 30 minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than 30 minutes. Section 226.7 and the applicable wage orders also require employers to provide employees ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the 30-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

87.     Under §226.7(b) and the applicable wage orders, an employer who fails to provide a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided. Similarly, an employer must pay an employee denied a required rest period one hour

of pay at the employee's regular rate of compensation for each workday that the rest period was not provided.

88.     Despite these requirements, Defendants knowingly and willfully refused to perform their obligations to provide Plaintiffs and the Class with the off-duty meal and rest periods to which they are entitled. Defendants have also failed to pay Plaintiff and the California Class one hour of pay for each off-duty meal and/or rest period that they are denied. Plaintiff and the California Class are entitled to compensation for the failure to provide meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

Waiting Time Penalties

89.     Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.  Labor Code §  203 requires an employer to pay compensation due and owing to said employee within seventy-two (72) hours of that employee's termination or employment by resignation.

90.     Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon separation from employment, as required by either §§ 201 or 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to 30 work days.

91.     Defendants willfully failed and refused to timely pay compensation and wages, including unpaid overtime pay to CAs whose employment terminated. As a result, Defendants are liable to terminated CAs for waiting time penalties, together with interest thereon and attorneys' fees and costs, under Labor Code § 203.

## FOURTH CAUSE OF ACTION
## VIOLATION OF WASHINGTON WAGE AND HOUR LAWS
### (Plaintiff Sellers individually and on behalf of a Class)

92.     Plaintiffs incorporate by reference each and every allegation paragraphs 1 through 62, as if fully stated in this Complaint as if stated herein.

93.     The foregoing conduct, as alleged, violates the Revised Code of Washington, Chapter 49.46 *et seq.*, and any relevant regulations and/or rules adopted by the Washington Director of Labor and Industries  (collectively, "Washington Wage Laws").

94.     At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the Washington Wage Laws.  At all relevant times, Defendants employed "employee[s]," including each of the members of the Washington Class, within the meaning of the Washington Wage Laws.

95.     The Washington Wage Laws require an employer, such as Defendants, to pay overtime compensation to all non-exempt employees.

96.     The members of the Washington Class are not exempt from overtime pay requirements under the Washington Wage Laws.

97.     At all relevant times, Defendants had a policy and practice of failing and refusing to pay overtime pay to the Washington Class members based on their correct regular rate of pay and for all time worked in excess of forty hours per workweek.

98.     Defendants violated Washington Wage Laws including, but not necessarily limited to, Revised Code of Washington Chapter 49.46.130 by failing to pay the Washington Class members overtime for work performed in excess of forty hours in a workweek.

99.     As a result of Defendants' failure to record, report, credit, and furnish to each member of the Washington Class their respective wage and hour records showing all wages

earned and due for all work performed, Defendants failed to make, keep, preserve, and furnish such records in violation of Revised Code of Washington Chapter 49.46.070.

100.    The Washington Class seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendants.

101.    The Washington Class seeks damages in the amount of the respective unpaid wages earned and due at the regular hourly wage rate, and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; actual damages; penalty damages; and such other legal and equitable relief as the Court deems just and proper.

## FIFTH CAUSE OF ACTION
## VIOLATION OF MARYLAND WAGE AND HOUR LAWS
### (Plaintiff Sellers individually and on behalf of a Class)

102.    Plaintiffs incorporate by reference each and every allegation paragraphs 1 through 62, as if fully stated in this Complaint as if stated herein.

103.    The foregoing conduct, as alleged, violates the Maryland Wage and Hour Law, Md. Code Ann., Labor & Employment Article, § 3-401, *et seq.* ("MWHL") for Defendants' failure to pay Plaintiff Sellers and other similarly-situated persons all earned overtime wages.

104.    Plaintiff was employed by Defendants as an "employee" as that term is interpreted pursuant to Md. Code Ann., Labor & Employ. Art., §3-101 *et seq.*

105.    At all relevant times, Defendants were Plaintiff's "employer" as that term is defined by Md. Code Ann., Labor & Employ. Art., §3-501(b).

106.    The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Maryland Wage and Hour. Md. Code Ann., Labor &

Employment Article, § 3-401, *et seq.* Plaintiffs bring this action on their own behalf and on behalf of the MWHL Class pursuant to Md. Code Ann., Labor & Employment Article, § 3-427.

107.     Pursuant to Md. Code Ann., Labor & Employment Article, §§ 3-415 and 420, for all weeks during which Plaintiffs and the MWHL Class worked in excess of 40 hours, Plaintiffs and the MWHL Class were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

108.     Defendants did not pay Plaintiffs and the MWHL Class one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

109.     Defendants violated the Maryland Wage and Hour Law by failing to compensate Plaintiffs and the MWHL Class at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

110.     Pursuant to Md. Code Ann., Labor & Employment Article, § 3-427, Plaintiffs and the MWHL Class are entitled to recover the difference between the wage paid to the employee and the wage required under the statute, plus reasonable attorney's fees and costs.

## RELIEF SOUGHT ON FIRST THROUGH FIFTH COUNTS

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

a.     An Order designating the FLSA Class as a collective action and issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.     For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs and the FLSA Class members and for liquidated damages equal in amount to their unpaid compensation;

c.     For an Order designating the state law sub-classes as class actions pursuant to Fed. R. Civ. P. 23;

d.     For an Order appointing Plaintiffs and their counsel as Class Counsel to represent the interests of the FLSA Class and the state law sub-classes;

e.      For an Order awarding attorneys' fees, costs and pre- and post-judgment interest;

f.      For an Order awarding all relief available under New York, California, Washington, and Maryland law to Plaintiffs and Class Members who worked in those states;

g.      For an Order granting such other and further relief as may be necessary and appropriate.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a jury trial as provided the Federal Rules of Civil Procedure with respect to any and all claims to which they and all those similarly situated have a right to a jury trial.

Dated: 2 | 2 | 2012

Respectfully submitted on behalf of Plaintiffs Nancy Martignago,  Amy Ferguson, Cindy Sellers, Caterina Derkasch, June Parman Flax, Robin Grandusky, and all those similarly situated,

By: _____

Jennifer Schoen Gilbert
New York Bar No. 4971677 - Southern
District of New York swearing in on
February 14, 2012.

Linda D. Friedman
Jennifer S. Gilbert
**STOWELL & FRIEDMAN, LTD.**
321 S. Plymouth Court, Suite 1400
Chicago, IL 60604
312-431-0888 (phone)
312-431-0228 (fax)
Jgilbert@sfltd.com

Douglas M. Werman
Maureen A. Salas
**WERMAN LAW OFFICE, P.C.**
77 West Washington, Suite 1402
Chicago, IL 60602
312-419-1008 (phone)
312-419-1025 (fax)
dwerman@flsalaw.com

Shona B. Glink
**MEITES, MULDER & GLINK**
321 South Plymouth Court, Suite 1250
Chicago, Illinois 60604
312-263-0272 (phone)
312-263-2942 (fax)
SBGlink@mmmglaw.com
**(Local Counsel)**