PROSKAUER ROSE, LLP
Katherine H. Parker
Eleven Times Square
New York, NY 10036-8299

MAYNARD, COOPER & GALE, P.C
Carole G. Miller, Esq.
Janell M. Ahnert, Esq.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama  35203

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **NANCY MARTIGNAGO,** | : | |
| **AMY FERGUSON, CINDY** | : | |
| **SELLERS, CATERINA DERKASCH,** | : | |
| **JUNE PARMAN FLAX, and** | : | |
| **ROBIN GRANDUSKY on behalf** | : | |
| **of themselves and** | : | |
| **all others similarly situated,** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **vs.** | : | **Case No. 11 CIV 03923 PGG** |
| | : | |
| **MERRILL LYNCH & CO. INC.,** | : | **The Honorable Paul G. Gardephe** |
| **MERRILL LYNCH, PIERCE,** | : | |
| **FENNER & SMITH INCORPORATED,** | : | |
| **and BANK OF AMERICA** | : | |
| **CORPORATION,** | : | |
| | : | |
| **Defendants.** | : | |

---

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS'
## SECOND AMENDED COMPLAINT

Defendants, Merrill Lynch & Co. Inc. ("ML&Co."), Merrill Lynch, Pierce, Fenner &

Smith Incorporated ("Merrill Lynch") and Bank of America Corporation ("Bank of America")

(collectively referred to as "Defendants") submit the following Answer and Defenses to the

Second Amended Complaint of Plaintiffs, Nancy Martignago ("Martignago"), Amy Ferguson

("Ferguson"), Cindy Sellers ("Sellers"), Caterina Derkasch ("Derkasch"), June Parman Flax ("Flax"), and Robin Grandusky ("Grandusky"), collectively referred to herein as "Plaintiffs." The numbered paragraphs below correspond to the numbered paragraphs in Plaintiffs' Second Amended Complaint. Defendants deny each and every allegation not specifically admitted herein.

## NATURE OF THE ACTION

1.      Defendants deny that Plaintiffs work or worked at 13 Merrill Lynch branch office in six different states during the relevant time period of this matter. Moreover, Defendants deny that all Plaintiffs worked as Client Associates ("CAs") for Merrill Lynch during the relevant time period of this matter.

2.      Defendants deny the allegations in Paragraph 2 of Plaintiffs' Second Amended Complaint.

3.      Defendants admit that Plaintiffs purport to assert claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, but Defendants deny that they violated the FLSA and deny that Plaintiffs (or any of the putative members of the class(es) they seek to represent) are entitled to any relief pursuant to the foregoing statute or otherwise in this action. Defendants deny that Plaintiffs are proper representatives for a FLSA collective action and deny that a collective action should be certified, conditionally or otherwise, in this matter. Defendants deny that pursuant to Merrill Lynch's policies and practices, Plaintiffs or any of the putative members of the class(es) they seek to represent were not paid all overtime for time worked in excess of forty hours in any individual workweek.

4.      Defendants admit that Plaintiffs purport to bring class action claims under the laws of the States of New York, California, Washington, and Maryland but deny that Plaintiffs or

any of the putative members of the class(es) they seek to represent were denied overtime pay due them under any of those states' applicable laws.  Defendants further deny that Plaintiffs, collectively or individually, are proper representatives for a state law class action under the laws of New York, California, Washington or Maryland and deny that any of the alleged state law class claims should be certified under Federal Rule of Civil Procedure 23(b)(3) and/or 23(c)(4).

5.      Defendants admit that Plaintiffs Martignago and Sellers have filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") but deny that those charges are "representative."  Defendants deny that Plaintiff Ferguson has filed a Charge of Discrimination with the EEOC.  Defendants lack information sufficient to admit or deny Plaintiffs' intentions, as stated in Paragraph 5 of the Second Amended Complaint, but Defendants deny that Plaintiffs can amend their complaint to include individual or class allegations of gender discrimination and/or retaliation under Title VII of the Civil Rights Act of 1964, as amended.  Defendants further deny that Defendants discriminated or retaliated against Plaintiffs and deny that Plaintiffs can bring a class-wide claim of discrimination and/or retaliation.

## JURISDICTION AND VENUE

6.      Defendants admit that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  Defendants deny all remaining allegations in Paragraph 6 of Plaintiffs' Second Amended Complaint.

7.      Defendants are without sufficient knowledge or information at this point to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Second Amended Complaint and therefore deny the same.

8.      Defendants deny the allegations contained in Paragraph 8 of Plaintiffs' Second Amended Complaint.

9.      Defendants admit that Merrill Lynch is incorporated in Delaware and headquartered in New York.  Except as expressly so admitted, Defendants deny the remaining allegations in Paragraph 9 of Plaintiffs' Second Amended Complaint.

10.     Defendants admit the allegations in Paragraph 10 of Plaintiffs' Second Amended Complaint.

## PARTIES

11.     Defendants admit the allegations stated in Paragraph 11 of Plaintiffs' Second Complaint.

12.     Defendants admit that Plaintiff Ferguson was hired in December 1999 and worked for Merrill Lynch in Naples, Florida until approximately April 2011.  Defendants deny that Plaintiff Ferguson worked as a CA during the entire period of her employment with Merrill Lynch.

13.     Defendants admit that Plaintiff Sellers was hired by Merrill Lynch as A CA in Naples, Florida in 2004.  Defendants further admit that Plaintiff Sellers transferred to a CA position in Seattle, Washington in approximately December 2010 where she worked until transferring to a CA position in Ocean City, Maryland in approximately November 2011. Defendants admit that Plaintiff Sellers worked in an unregistered position for Merrill Lynch in Bridgewater, New Jersey for two different periods of employment between 1988 and 1990. Defendants deny the remaining allegations in Paragraph 13 of Plaintiffs' Second Amended Complaint.

14.     Defendants admit that Plaintiff Caterina Derkasch was hired by Merrill Lynch as a CA in 1983 in Melville, New York.  In 1996, Plaintiff Derkasch transferred to Southampton, New York.  In 2001, Plaintiff Derkasch transferred to Garden City, New York, where she worked until her employment ended in or around April 2009.

15.     Defendants admit the allegations stated in Paragraph 15 of Plaintiffs' Second Complaint.

16.     Defendants admit the allegations stated in Paragraph 16 of Plaintiffs' Second Complaint.

17.     Defendants admit that Merrill Lynch is a U.S. broker-dealer primarily engaged in securities brokerage, trading, and underwriting activities as well as investment banking and other strategic and corporate finance advisory activities.  Defendants aver that on September 15, 2008, Bank of America and ML&Co. announced their intent to merge in an all-stock transaction and that this merger was consummated on January 1, 2009 resulting in Merrill Lynch becoming an indirect, wholly-owned subsidiary of Bank of America.  Defendants deny the remaining allegations as stated in Paragraph 17 of Plaintiffs' Second Amended Complaint.

18.     Defendants admit that Bank of America is incorporated in Delaware, headquartered in North Carolina, and provides a wide variety of banking and investment services to individual, corporate, and institutional clients.  Except as expressly so admitted, Defendants deny the allegations as stated in Paragraph 18 of Plaintiffs' Second Amended Complaint.

19.     Defendants admit that on September 15, 2008, Bank of America and ML&Co. announced their intent to merge in an all-stock transaction.  Defendants further admit that this merger was consummated on January 1, 2009 resulting in Merrill Lynch becoming an indirect,

wholly-owned subsidiary of Bank of America. Defendants deny the remaining allegations as stated in Paragraph 19 of Plaintiffs' Second Amended Complaint.

**FACTS COMMON TO THE FLSA COLLECTIVE ACTION
AND STATE LAW CLASS ACTION CLAIMS**

20.     Defendants deny that all Plaintiffs worked as CAs for Merrill Lynch during the relevant time period of this matter. Defendants deny that Plaintiffs are similarly situated to the putative members of the class(es) they seek to represent. Defendants deny that Plaintiffs, collectively or individually, are proper representatives for a FLSA collective action or any state law class action(s) and deny that a collective or class action should be certified, conditionally or otherwise, in this matter. Defendants deny the remaining allegations in Paragraph 20 of the Second Amended Complaint.

21.     Defendants deny that they violated the FLSA. Defendants further deny that Plaintiffs, collectively or individually, are proper representatives for a FLSA collective action or any state law class action(s) and deny that a collective or class action should be certified, conditionally or otherwise, in this matter. Defendants deny that Plaintiffs, collectively or individually, are similarly situated to the putative members of the class(es) they seek to represent. Defendants deny the remaining allegations in Paragraph 21 of the Second Amended Complaint.

22.     Defendants deny that any of the Plaintiffs' proposed sub-classes can or should be certified under Federal Rule of Civil Procedure 23.

23.     Defendants admit that the Plaintiffs who are or were employed as CAs had/have duties which include providing sales assistance and clerical, client-related support to the Financial Advisors ("FAs") to whom the CA is assigned. Defendants deny that Plaintiffs and the putative members of the FLSA class they seek to represent all performed the same job duties.

Defendants deny the remaining allegations as stated in Paragraph 23 of Plaintiffs' Second Amended Complaint.

24.     Defendants admit that Merrill Lynch FAs service Merrill Lynch's clients and that Plaintiffs who are or were employed as CAs perform(ed) critical functions relating to the servicing of Merrill Lynch's clients.  Except as expressly so admitted, Defendants deny the allegations as stated in Paragraph 24 of Plaintiffs' Second Amended Complaint.

25.     Defendants deny the allegations as stated in Paragraph 25 of Plaintiffs' Second Amended Complaint.

26.     Defendants admit that CAs are paid a salary by Merrill Lynch.  Defendants admit that CAs are eligible to receive additional sums through supplemental compensation arrangements with the FA(s) whom they support.  Defendants also admit these "supplemental" payments are not required.  Defendants deny the remaining allegations as stated in Paragraph 26 of Plaintiffs' Second Amended Complaint.

27.     As to the salary component of CA compensation (as alleged in Paragraph 26 of the Second Amended Complaint), Defendants admit that those salaries are set by Merrill Lynch.

28.     Defendants admit that CAs are eligible to receive additional sums through supplemental compensation arrangements with the FA(s) whom they support.  Defendants also admit these "supplemental" payments are not required. Defendants deny the remaining allegations as stated in Paragraph 28 of Plaintiffs' Second Amended Complaint.

29.     Defendants admit that CAs are eligible to receive additional sums through supplemental compensation arrangements with the FA(s) whom they support.  Defendants also admit these "supplemental" payments are not required. Defendants admit that if the FA elects to make supplemental payments, the FA enters into an agreement with the company providing for a

certain dollar amount or production percentage to be paid to the CA on a monthly basis during the pendency of the agreement. Defendants deny the remaining allegations as stated in Paragraph 29 of Plaintiffs' Second Amended Complaint.

30. Defendants deny the allegations as stated in Paragraph 30 of Plaintiffs' Second Amended Complaint.

31. Defendants admit that if an FA elects to make supplemental payments to a CA, the FA enters into an agreement with Merrill Lynch providing for a certain dollar amount or production percentage to be paid to the CA on a monthly basis during the pendency of the agreement. Defendants admit that Merrill Lynch administers the supplemental compensation payments to the CA. Defendants deny the remaining allegations as stated in Paragraph 31 of Plaintiffs' Second Amended Complaint.

32. Defendants admit that if an FA elects to make supplemental payments to a CA, the FA enters into an agreement with Merrill Lynch providing for a certain dollar amount or production percentage to be paid to the CA on a monthly basis during the pendency of the agreement. Defendants admit that Merrill Lynch administers the supplemental compensation payments to the CA. Defendants deny the remaining allegations as stated in Paragraph 32 of Plaintiffs' Second Amended Complaint.

33. Paragraph 33 of the Second Amended Complaint constitutes a series of legal conclusions, for which no answer is required. To the extent a response is required of Defendants, Defendants deny the allegations as stated in Paragraph 33 of Plaintiffs' Second Amended Complaint.

34.     To the extent Paragraph 34 of the Second Amended Complaint states a legal conclusion, no answer is required.  With regard to the factual allegations as stated in Paragraph 34 of Plaintiffs' Second Amended Complaint, Defendants deny the same.

35.     Defendants deny the allegations as stated in Paragraph 35 of the Second Amended Complaint.

36.     Defendants deny the allegations as stated in Paragraph 36 of the Second Amended Complaint.

37.     Defendants deny the allegations as stated in Paragraph 37 of the Second Amended Complaint.

38.     Paragraph 38 of the Second Amended Complaint states a legal conclusion, for which no answer is required.  To the extent a response is required of Defendants, Defendants deny the allegations as stated in Paragraph 38 of Plaintiffs' Second Amended Complaint.

39.     Except to admit that overtime should be preapproved by management before it is worked, Defendants deny the allegations as stated in Paragraph 39 of Plaintiffs' Second Amended Complaint.

40.     Defendants deny the allegations as stated in Paragraph 40 of Plaintiffs' Second Amended Complaint.

41.     Defendants admit that Merrill Lynch compensates CAs for overtime.  As to the remaining allegations as stated in Paragraph 41 of Plaintiffs' Second Amended Complaint, Defendants are without sufficient information or knowledge to admit or deny them and therefore deny the same.

42.     Defendants deny the allegations as set forth in Paragraph 42 of Plaintiffs' Second Amended Complaint.

43.     Defendants deny the allegations as set forth in Paragraph 43 of Plaintiffs' Second Amended Complaint.

44.      Defendants deny the allegations as set forth in Paragraph 44 of Plaintiffs' Second Amended Complaint.

45.     Defendants admit the Plaintiffs purport to bring class actions under New York, California, Washington and Maryland laws, but deny that any of the alleged state law classes can or should be certified under Federal Rule of Civil Procedure 23.  Defendants deny the remaining allegations as stated in Paragraph 45 of Plaintiffs' Second Amended Complaint.

46.     Defendants deny the allegations as stated in Paragraph 46 of Plaintiffs' Second Amended Complaint.

47.     Defendants deny the allegations as stated in Paragraph 47 of Plaintiffs' Second Amended Complaint.

48.     Defendants deny the allegations as stated in Paragraph 48 of Plaintiffs' Second Amended Complaint.

49.     Defendants deny the allegations as stated in Paragraph 49 of Plaintiffs' Second Amended Complaint.

50.     Defendants deny the allegations as stated in Paragraph 50 of Plaintiffs' Second Amended Complaint.

51.     Defendants deny the allegations as stated in Paragraph 51 of Plaintiffs' Second Amended Complaint.

52.     Defendants deny the allegations as stated in Paragraph 52 of Plaintiffs' Second Amended Complaint.

53.     Defendants deny the allegations as stated in Paragraph 53 of Plaintiffs' Second Amended Complaint.

54.     Defendants deny the allegations as stated in Paragraph 54 of Plaintiffs' Second Amended Complaint.

## FIRST CAUSE OF ACTION
## VIOLATION OF FAIR LABOR STANDARDS ACT
### (Collective Action)

Defendants reassert and incorporate by reference their responses to Paragraphs 1 to 54 in Plaintiffs' Second Amended Complaint as set forth herein.

55.     Defendants deny that all Plaintiffs worked as CAs during the relevant time period of this matter.  Defendants admit that Plaintiffs purport to assert claims for unpaid overtime compensation under the FLSA, but Defendants deny that they violated the FLSA and deny that Plaintiff(s) (and/or the putative members of the class(es) Plaintiff(s) seek to represent) are entitled to any relief pursuant to the foregoing statute or otherwise in this action.  Defendants deny that Plaintiff(s) are proper representatives for a "FLSA" class and deny that a collective action should be certified, conditionally or otherwise, in this matter.  Defendants deny Plaintiffs' allegation that they, or others "similarly situated" to them, have been denied overtime compensation.  Defendants deny the remaining allegations in Paragraph 55 of Plaintiffs' Second Amended Complaint.

56.     Paragraph 56 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required.  With regard to factual assertions in Paragraph 56, Defendants admit that Merrill Lynch (an indirect subsidiary of Bank of America) employed each of the Plaintiffs.  Defendants deny the remaining allegations in Paragraph 56 of the Second Amended Complaint.

57.     Paragraph 57 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required.  With regard to factual assertions in Paragraph 57, Defendants admit that Merrill Lynch (an indirect subsidiary of Bank of America) has employed each of the Plaintiffs.  Defendants deny the remaining allegations in Paragraph 57 of the Second Amended Complaint.

58.     Defendants admit the allegations contained in Paragraph 58 of Plaintiffs' Second Amended Complaint.

59.     Paragraph 59 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required.  Defendants admit that Merrill Lynch classified its CAs as nonexempt employees and that to the extent that Plaintiffs were employed by Merrill Lynch as CAs during the relevant time period, they were treated as nonexempt employees.  Defendants deny the remaining allegations as stated in Paragraph 59 of Plaintiffs' Second Amended Complaint.

60.     Paragraph 60 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required.  Defendants admit that Merrill Lynch classified its CAs as nonexempt employees.

61.     Defendants deny that their practices and policies violate the FLSA and deny that Plaintiff(s) and the putative members of the class(es) they seek to represent are "similarly situated."  Defendants admit that Plaintiffs seek overtime compensation, liquidated and/or other damages, penalties, interest, attorney fees and costs, but deny that any of the same is recoverable or owed.  Defendants deny that Plaintiff(s) (and/or the putative members of the class(es) they Plaintiff(s)to represent) are entitled to any of the relief requested or any other relief whatsoever

in this action. Defendants deny the remaining allegations of Paragraph 61 of the Second Amended Complaint.

62.     Defendants deny the allegations in Paragraph 62 of the Second Amended Complaint.

## SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK STATE WAGE AND HOUR LAWS
### (Plaintiffs Derkasch and Grandusky individually and on behalf of a class)

63.     Defendants reassert and incorporate by reference their responses to Paragraphs 1 through 62 of Plaintiffs' Second Amended Complaint, as set forth herein.

64.     Defendants deny the allegations as stated in Paragraph 64 of Plaintiffs' Second Amended Complaint.

65.     Paragraph 65 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required. Defendants deny that a "New York class" can or should be certified and that there are or should be "New York class members." With regard to factual allegations contained in Paragraph 65 of Plaintiffs' Second Amended Complaint, Defendants admit that Merrill Lynch (an indirect subsidiary of Bank of America) has employed Plaintiffs Derkasch and Grandusky. Defendants deny the remaining allegations as stated in Paragraph 65 of the Second Amended Complaint.

66.     Paragraph 66 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required. Defendants deny that a "New York class" can or should be certified and that there are or should be "New York class members."

67.     Paragraph 67 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required. Defendants deny that a "New York class" can or should be certified and that there are or should be "New York class members." As a factual matter,

Defendants admit that Merrill Lynch classified its CAs as nonexempt employees and that to the extent that Plaintiffs were employed by Merrill Lynch as CAs during the relevant time period, they were treated as nonexempt employees.

68.     Defendants deny the allegations as stated in Paragraph 68 of Plaintiffs' Second Amended Complaint.   Defendants further deny that a "New York class" can or should be certified and that there are or should be "New York class members."

69.     Defendants deny the allegations as stated in Paragraph 69 of Plaintiffs' Second Amended Complaint.   Defendants further deny that a "New York class" can or should be certified and that there are or should be "New York class members."

70.     Defendants deny that Plaintiff(s) (and/or any of the putative members of the class(es) Plaintiff(s) seek to represent) are entitled to any of the relief sought in this action or any other relief whatsoever, including attorneys' fees and/or costs.   Defendants further deny that a "New York class" can or should be certified and that there are or should be "New York class members."

71.     To the extent that Paragraph 71 of the Second Amended Complaint states a legal conclusion, it requires no answer.   Defendants deny that Plaintiffs (and/or any of the putative members of the class(es) they seek to represent) are entitled to any of the relief sought in this action or any other relief whatsoever, including attorneys' fees and/or costs.   Defendants further deny that a "New York class" can or should be certified and that there are or should be "New York class members."   Defendants further deny any and all factual allegations as stated in Paragraph 71 of Plaintiffs' Second Amended Complaint.

Spread-of-Hours Compensation

72.     Defendants deny the allegations as stated in Paragraph 72 of Plaintiffs' Second Amended Complaint.  Defendants further deny that a "New York class" can or should be certified and that there are or should be "New York class members."

73.     Defendants deny the allegations as stated in Paragraph 73 of Plaintiffs' Second Amended Complaint.

74.     Defendants deny the allegations as stated in Paragraph 74 of Plaintiffs' Second Amended Complaint.  Defendants further deny that a "New York class" can or should be certified and that there are or should be "New York class members."

75.     Defendants deny the allegations as stated in Paragraph 75 of Plaintiffs' Second Amended Complaint.  Defendants further deny that a "New York class" can or should be certified and that there are or should be "New York class members."

76.     To the extent that Paragraph 76 of the Second Amended Complaint states a legal conclusion, it requires no answer.  Defendants deny that a "New York class" can or should be certified and that there are or should be "New York class members."  Defendants further deny that Plaintiff(s) (and/or any of the putative members of the class(es) they seek to represent) are entitled to any of the relief sought in this action or any other relief whatsoever, including attorneys' fees and/or costs.

77.     Defendants deny that a "New York class" can or should be certified and that there are or should be "New York class members."  Defendants deny that Plaintiffs (and/or any of putative members of the class(es) Plaintiff(s) seek to represent) are entitled to any of the relief sought in this action or any other relief whatsoever.  Defendants further deny any and all factual allegations as stated in Paragraph 77 of Plaintiffs' Second Amended Complaint.

### THIRD CAUSE OF ACTION
### <u>VIOLATION OF CALIFORNIA WAGE AND HOUR LAWS</u>
### <u>(Plaintiff Flax individually and on behalf of a class)</u>

78.     Defendants reassert and incorporate by reference their responses to the allegations in Paragraph 1 through 77 in Plaintiffs' Second Amended Complaint, as set forth herein.

<u>Unpaid Overtime</u>

79.     Paragraph 79 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required.  To the extent a response is required of Defendants, Defendants deny the allegations contained in Paragraph 79 of Plaintiffs' Second Amended Complaint. Specifically, Defendants deny that they violated California's wage and hour laws.

80.     Paragraph 80 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required.  Defendants deny that a "California class" can or should be certified and that there are or should be "California class members."  With regard to the factual allegations contained in Paragraph 80 of Plaintiffs' Second Amended Complaint, Defendants admit that Merrill Lynch classified its CAs as nonexempt employees and that to the extent that Plaintiff(s) (and/or the putative members of the class(es) Plaintiff(s) seek to represent)  were employed by Merrill Lynch as CAs during the relevant time period, they were treated as nonexempt employees.

81.     Defendants deny that a "California class" can or should be certified, that there is or should be a "California class period," and that there are or should be "California class members."  Defendants further deny the remaining allegations in Paragraph 81 of Plaintiffs' Second Amended Complaint.

82.     To the extent that Paragraph 82 of Plaintiffs' Second Amended Complaint states legal conclusions, no answer is required.  Defendants deny that a "California class" can or should

be certified and that there are or should be a "California class Period." Defendants deny the remaining allegations of Paragraph 82 of Plaintiffs' Second Amended Complaint.

Failure to Furnish Accurate Wage Statements

83.     Paragraph 83 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required. To the extent a response is required of Defendants, Defendants deny the allegations of Paragraph 83 of Plaintiffs' Second Amended Complaint.

84.     To the extent that Paragraph 84 of Plaintiffs' Second Amended Complaint states legal conclusions, no answer is required. Defendants deny the factual allegations in Paragraph 84 of the Second Amended Complaint. Defendants further deny that they are liable to Plaintiff(s) (and/or the putative members of the class(es) Plaintiff(s) seek to represent) for any of the relief requested in this action or any other relief whatsoever. Defendants further deny that Plaintiffs, collectively or individually, are "similarly situated" to other Merrill Lynch CAs.

85.     To the extent that Paragraph 85 of Plaintiffs' Second Amended Complaint states legal conclusions, no answer is required. Defendants deny the factual allegations in Paragraph 85 of the Second Amended Complaint and deny that Defendants are liable to Plaintiff(s), (and/or the putative members of the class(es) Plaintiff(s) seek to represent) for any of the relief requested in this action or any other relief whatsoever — including civil penalties, attorneys' fees and/or costs.

Meal Periods

86.     Paragraph 86 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required. To the extent a response is required of Defendants, Defendants deny the factual allegations of Paragraph 86 of Plaintiffs' Second Amended Complaint.

87.     Paragraph 87 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required.  To the extent a response is required of Defendants, Defendants deny the factual allegations of Paragraph 87 of Plaintiffs' Second Amended Complaint.

88.     Paragraph 88 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required.   Defendants deny that a "class" or a "California class" can or should be certified and that there are or should be "California class members."  Defendants further deny that Plaintiff(s) (and/or the putative members of the class(es) Plaintiff(s) seek to represent) are entitled to the relief requested or any other relief whatsoever in this action. Defendants deny the remaining allegations as stated in Paragraph 88 of Plaintiffs' Second Amended Complaint.

Waiting Time Penalties

89.     Paragraph 89 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required.  To the extent a response is required of Defendants, Defendants deny the factual allegations of Paragraph 89 of Plaintiffs' Second Amended Complaint.

90.     Paragraph 90 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required.  To the extent a response is required of Defendants, Defendants deny the factual allegations of Paragraph 90 of Plaintiffs' Second Amended Complaint.

91.     Paragraph 91 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required.  Defendants deny the factual allegations as stated in Paragraph 91 of Plaintiffs' Second Amended Complaint.  Defendants deny that Plaintiff(s), (and/or the putative members of the class(es) Plaintiff(s) seek to represent) are entitled to the relief requested or any other relief whatsoever in this action.

## FOURTH CAUSE OF ACTION
## VIOLATION OF WASHINGTON WAGE AND HOUR LAWS
### (Plaintiff Sellers individually and on behalf of a class)

92.     Defendants reassert and incorporate by reference their responses to the allegations in Paragraph 1 through 62 in Plaintiffs' Second Amended Complaint, as set forth herein.

93.     Defendants deny the allegations as stated in Paragraph 93 of Plaintiffs' Second Amended Complaint.

94.     Paragraph 94 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required.  Defendants deny that a "Washington class" can or should be certified and that there are or should be "Washington class members."  As a factual matter, Defendants admit that Merrill Lynch (an indirect subsidiary of Bank of America) employed Plaintiff Sellers.  Defendants deny the remaining allegations as stated in Paragraph 94 of the Second Amended Complaint.

95.     Paragraph 95 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required.  To the extent a response is required of Defendants, Defendants deny the factual allegations of Paragraph 95 of Plaintiffs' Second Amended Complaint.

96.     Paragraph 96 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required.  Defendants deny that a "Washington class" can or should be certified and that there are or should be "Washington class members."  As a factual matter, Defendants admit that Merrill Lynch classified its CAs as nonexempt employees and that to the extent that Plaintiffs were employed by Merrill Lynch as CAs during the relevant time period, they were treated as nonexempt employees.  Defendants deny the remaining allegations as stated in Paragraph 96 of Plaintiffs' Second Amended Complaint.

97.     Defendants deny the allegations as stated in Paragraph 97 of Plaintiffs' Second Amended Complaint. Defendants further deny that a "Washington class" can or should be certified and that there are or should be "Washington class members."

98.     Defendants deny the allegations as stated in Paragraph 98 of Plaintiffs' Second Amended Complaint.  Defendants further deny that a "Washington class" can or should be certified and that there are or should be "Washington class members."

99.     Defendants deny the allegations as stated in Paragraph 99 of Plaintiffs' Second Amended Complaint.  Defendants further deny that a "Washington class" can or should be certified and that there are or should be "Washington class members."

100.    Defendants deny that a "Washington class" can or should be certified and that there are or should be "Washington class members."  Defendants deny that Defendants are liable to Plaintiff(s) (and/or the putative members of the class(es) Plaintiff(s) seek to represent) for the relief requested in this action or any other relief whatsoever.

101.    Defendants deny that a "Washington class" can or should be certified and that there are or should be "Washington class members."  Defendants deny that Defendants are liable to Plaintiff(s) (and/or the putative members of the class(es) Plaintiff(s) seek to represent) for the relief requested in this action or any other relief whatsoever.

## FIFTH CAUSE OF ACTION
## VIOLATION OF MARYLAND WAGE AND HOUR LAWS
### (Plaintiff Sellers individually and on behalf of a class)

102.    Defendants reassert and incorporate by reference their responses to Paragraphs 1 through 101 of Plaintiffs' Second Amended Complaint, as set forth herein.

103.    Defendants deny the allegations as stated in Paragraph 103 of Plaintiffs' Second Amended Complaint and specifically deny that Plaintiff Sellers is "similarly situated" to any of the putative members of the  class(es) she seeks to represent.

104.    Paragraph 104 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required.  With regard to the factual allegations contained in Paragraph 104 of Plaintiffs' Second Amended Complaint, Defendants admit that Merrill Lynch has employed Plaintiff Sellers, but denies that she has ever been employed by ML&Co.

105.    Paragraph 105 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required.  With regard to the factual allegations contained in Paragraph 105 of Plaintiffs' Second Amended Complaint, Defendants admit that Merrill Lynch (an indirect subsidiary of Bank of America) employed Plaintiff Sellers.  Defendants deny the remaining allegations as stated in Paragraph 105 of Plaintiffs' Second Amended Complaint.

106.    To the extent that Paragraph 106 of Plaintiffs' Second Amended Complaint states legal conclusions, it requires no answer.  Defendants deny the factual allegations as stated in Paragraph 106 of Plaintiffs' Second Amended Complaint.  Defendants further deny that a "MWHL class" can or should be certified.

107.    To the extent that Paragraph 107 of Plaintiffs' Second Amended Complaint states legal conclusions, it requires no answer.  Defendants deny the factual allegations as stated in Paragraph 107 of Plaintiffs' Second Amended Complaint.  Defendants further deny that a "MWHL class" can or should be certified.

108.    Defendants deny the allegations as stated in Paragraph 108 of Plaintiffs' Second Amended Complaint.  Defendants further deny that a "MWHL class" can or should be certified.

109.    Defendants deny the allegations as stated in Paragraph 109 of Plaintiffs' Second Amended Complaint.   Defendants further deny that a "MWHL class" can or should be certified.

110.    Paragraph 110 of Plaintiffs' Second Amended Complaint states legal conclusions for which no answer is required.   Defendants deny that a "MWHL class" can or should be certified. Defendants deny that Defendants are liable to Plaintiff(s) (and/or the putative members of the class(es) Plaintiff(s) seek to represent) for the relief requested in this action or any other relief whatsoever.   Defendants deny the remaining allegations as stated in Paragraph 110 of Plaintiffs' Second Amended Complaint.

### RELIEF SOUGHT ON FIRST THROUGH FIFTH COUNTS

In response to Plaintiffs' "Relief Sought," Defendants deny that Plaintiff(s) (and/or any of the putative members of the class(es) Plaintiff(s) seek to represent) are entitled to any relief listed (including, but not limited to, the relief listed in subparagraphs a.-g.) or any other relief whatsoever in this action.   Defendants deny that Plaintiffs are proper representatives for a FLSA collective action or for the proposed state law class actions and deny that a collective action or a class action should be certified, conditionally or otherwise, in this matter.

### ADDITIONAL DEFENSES

As and for separate affirmative defenses to the Second Amended Complaint, and without conceding that Defendants bear the burden of proof or persuasion as to any of them, Defendants assert the following specific defenses on the basis that they will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.   Defendants reserve the right to amend this Answer and to assert additional defenses and/or to supplement, alter, or change their Answer and Affirmative Defenses upon completion of appropriate investigation and discovery.

1.      Plaintiffs' Second Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.  Plaintiff(s) have not alleged sufficient facts to render plausible some or all of the claims they assert in the Second Amended Complaint.  They have alleged only conclusions of law or formulaic recitations of the elements of their claims without any supporting facts, details or events to support such elements.

2.      Plaintiff(s)' claims (and/or those of the putative members of class(es) they seek to represent) are barred, in whole or in part, by the applicable statute of limitations and/or are otherwise untimely.

3.      To avoid waiver, Defendants aver that Plaintiff(s)' claims (and/or those of the putative members class(es) they seek to represent) are barred by unclean hands, ratification, acquiescence, consent, agreement, accord and satisfaction, release, payment and/or estoppel.

4.      To the extent Plaintiff(s)' (and/or the putative members of the class(es) they seek to represent) sat on their rights and accepted remuneration without complaining or providing any notice or indication to Defendants of any claim of any violation of law, their claims may be barred by the equitable doctrines of laches and/or estoppel.

5.      Plaintiffs' Second Amended Complaint and each and every purported cause of action alleged therein on behalf of Plaintiffs (and/or the putative members of the class(es) Plaintiff(s) seek to represent) are barred, in whole or in part, by judicial estoppel arising out of bankruptcy proceedings to the extent any such proceedings exist.

6.      Bank of America cannot be held liable for any acts or decisions challenged in Plaintiffs' Second Amended Complaint that occurred before Bank of America merged with ML & Co.

7.     Defendants adopt all defenses and limitations under the FLSA and/or the wage and hour laws of the States of California, New York, Washington and Maryland (collectively, the "State Wage and Hour Laws").

8.     Defendants did not require and/or suffer or permit Plaintiff(s) (or the putative members of the class(es) Plaintiff(s) seek to represent) to perform the alleged overtime work described in the Second Amended Complaint.

9.     Any alleged "off-the-clock" activities by Plaintiff(s) (or the putative members of the class(es) Plaintiff(s) seek to represent) qualify as *de minimis* and/or do not qualify as compensable "work".

10.     Any alleged "off the clock" activities were preliminary or postliminary and not integral or indispensable to the principal activities of Plaintiff(s) (or the putative members of the class(es) Plaintiff(s) seek to represent).

11.     In the event Defendants violated any provision of the FLSA or any of the State Wage and Hour Laws (which they did not), such violation was *de minimis*.

12.     Plaintiff(s) (and/or the putative members of the class(es) Plaintiff(s) purport to represent) are estopped by their own conduct (including  but not limited to their failure to report compensable time), from claiming any right to damages or other relief against Defendants.

13.     To the extent any Plaintiff(s) (and/or any putative member(s) of the class(es) Plaintiff(s) seek to represent) have suffered injury, which Defendants expressly deny, subject to proof through discovery, any such injury is the result of acts or omissions of such Plaintiff(s) (or putative class-member(s)), and not any act or omission of Defendants.  To the extent that any such Plaintiff(s) (and/or any putative member(s) of the class(es) Plaintiff(s) seek to represent) performed tasks while on break or otherwise "not on the clock," for example, any such off-the-

clock "work" was performed on their own initiative, was in violation of Defendants' policies, and was without the knowledge or consent of Defendants.

14.     Plaintiff(s)' claims (and/or those of the putative member(s) of the class(es) they seek to represent) are barred, in whole or in part, by the doctrine of unjust enrichment to the extent any such person(s) have been overpaid for time worked or paid for time not worked.

15.     The Second Amended Complaint is barred, in whole or in part, by the doctrine of avoidable consequences because Plaintiff(s) (and/or the putative member(s) of the class(es) Plaintiff(s) seek to represent) failed to comply with Defendants' lawful policies concerning the reporting and payment of overtime and failed to use the internal procedures provided by Defendants to report any alleged violations of the FLSA and/or the State Wage and Hour Laws.

16.     The claims set forth in the Second Amended Complaint are barred, in whole or in part, because Defendants timely paid Plaintiff(s) (and/or the putative member(s) of the class(es) Plaintiff(s) seek to represent) for all services rendered by them.

17.     If it is determined that Plaintiff(s) (and/or the putative member(s) of the class(es) Plaintiff(s) seek to represent) are entitled to any relief for overtime compensation (which Defendants deny) Defendant contends that they  are entitled to payment for overtime hours at one-half their regular rate only.

18.     Should Plaintiff(s) (and/or the putative member(s) of the class(es) Plaintiff(s) seek to represent) show that they are entitled to compensation under the FLSA or any of the State Wage and Hour Laws (which Defendants deny), Defendants are entitled to offset gratuitous pay provided for non-compensable activities.

19.     Defendants complied with the recordkeeping requirements of the FLSA and all of the State Wage and Hour Laws.

20.    The Second Amended Complaint is barred because some Plaintiff(s) (and/or the putative member(s) of the class(es) Plaintiff(s) seek to represent) have received all overtime pay and/or wages to which they were entitled.

21.    Plaintiff(s)' Complaint and each and every purported cause of action alleged therein are barred to the extent that Plaintiff(s) (and/or the putative member(s) of the class(es) Plaintiff(s) seek to represent) have knowingly submitted to or participated in any alleged wage loss violation.

22.    Plaintiff(s) (and/or the putative member(s) of the class(es) Plaintiff(s) seek to represent) were compensated for all overtime hours at a rate not less than that required by the overtime provisions of the FLSA and the State Wage and Hour Laws.

23.    Plaintiff(s) (and/or the putative member(s) of the class(es) Plaintiff(s) seek to represent) are not entitled to compensation for activities not necessary to the business and not performed primarily for the benefit of Defendants.

24.    Plaintiff(s) (and/or the putative member(s) of the class(es) Plaintiff(s) seek to represent) are estopped from claiming additional compensation by their acceptance of wages, submission of time records, and/or other actions or omissions on their part.

25.    Defendants are not obligated to compensate Plaintiff(s) (and/or the putative member(s) of the class(es) Plaintiff(s) seek to represent) for gap time.

26.    In the event Defendants violated the FLSA or any of the State Wage and Hour Laws (which they deny), such violation was not willful.  Defendants acted at all times in good faith and had reasonable grounds for believing their conduct did not violate the law.

27.    In the event Defendants violated the FLSA or any of the State Wage and Hour Laws (which they deny), such violation was inadvertent and unintentional.

28.     Defendants' actions with respect to Plaintiff(s) and the putative member(s) of the class(es) Plaintiff(s) seek to represent were taken in good faith, in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, guidance and/or administrative practice or policy, including those issued by the United States Department of Labor.  Consequently, Defendants have not acted in reckless disregard of the law or engaged in any willful violation of the law.  By reason of the foregoing, Plaintiff(s) (and the putative member(s) of the class(es) they seek to represent) are not entitled to liquidated or penalty damages under federal or state law.  Moreover, only a two-year statute of limitations should apply.

29.     The Second Amended Complaint is barred, in whole or in part, to the extent Plaintiff(s) (and/or the putative member(s) of the class(es) Plaintiff(s) seek to represent) have ever recovered any monies from Defendants including, but not limited to, any settlements with Defendants which include compensation for wages, benefits and/or overtime compensation allegedly owed.  Defendants plead release and satisfaction to the extent Plaintiff(s) (and/or the putative member(s) of the class(es) Plaintiff(s) seek to represent)  have entered into settlements or agreements releasing and/or waiving such claims.

30.     Any claims brought outside of the applicable statute of limitations period are untimely and barred.

31.     Plaintiff(s) (and/or the putative member(s) of the class(es) Plaintiff(s) seek to represent) are not entitled to recover liquidated damages because Defendants at all times acted in good faith and with reasonable belief that they had not violated the FLSA or any of the State Wage and Hour Laws.

32.     Any direction Plaintiff(s) (and/or the putative member(s) of the class(es) Plaintiff(s) seek to represent) received from any supervisor or manager to engage in the conduct alleged in the Second Amended Complaint was outside the scope of that supervisor's or manager's authority.

33.     Plaintiff(s) (and/or the putative member(s) of the class(es) Plaintiff(s) seek to represent)  knew or should have known that Defendants' policies prohibited the conduct they allege in the Second Amended Complaint to have occurred.

34.     Plaintiff(s) (and/or the putative member(s) of the class(es) Plaintiff(s) seek to represent) failed to use curative steps provided by Defendants to permit them to be compensated for the additional work they allege to have performed and their claims are therefore barred by, *inter alia,* the avoidable consequences doctrine.

35.     Defendants exercised reasonable care to prevent and correct promptly any conduct in violation of the FLSA and/or any of the State Wage and Hour Laws, and Plaintiff(s) (and/or the putative member(s) of the class(es) Plaintiff(s) seek to represent) unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer and/or to avoid harm otherwise and their claims are therefore barred by, *inter alia,* the avoidable consequences doctrine.

36.     Without conceding that Defendants have the burden of proof on this issue, and expressly denying that Plaintiff(s) (and/or the putative member(s) of the class(es) Plaintiff(s) seek to represent) suffered any actionable damages, Defendants aver that Plaintiff(s) (and/or the putative member(s) of the class(es) Plaintiff(s) seek to represent) failed to exercise reasonable diligence to mitigate their alleged damages, if any, or to otherwise avoid the alleged harm and their claims are therefore barred by, *inter alia,* the avoidable consequences doctrine.

37.     Plaintiff(s) cannot pursue this action as a collective action under the FLSA because some or all of the putative member(s) of the class(es) Plaintiff(s) seek to represent are not similarly-situated to Plaintiff(s) or to each other.   Indeed, there is no class of persons similarly situated to the Plaintiff(s), and therefore, this action may not be maintained as a collective action pursuant to Section 216(b) of the FLSA and/or as a class action pursuant to Rule 23 of the Fed. R. Civ. Proc.

38.     The Second Amended Complaint fails to state any claim that can be maintained as a class action.  Plaintiff(s) fail to satisfy the prerequisites for class certification and, therefore, lack standing and cannot represent the interests of others as to each of the purported causes of action.

39.     The types of claims alleged in Plaintiffs' Second Amended Complaint, the existence of which are expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for a collective action pursuant to Section 216(b) of the FLSA or a class action pursuant to Rule 23 of the Fed. R. Civ. Proc.

40.     If this Court were to certify this action as a class or collective action, any award of treble damages would deny Defendants the due process of law.

41.     Some or all of Plaintiff(s)' claims (or those of the putative members of the class(es) Plaintiffs seek to represent) are barred due to the fact that there is no private right of action for these claims.

42.     Plaintiff(s)' alleged claims and remedies, individually and on behalf of the putative member(s) of the class(es) Plaintiff(s) seek to represent, must be denied in whole or in part because they are duplicative and cumulative.

43.     Plaintiff(s)' alleged claims and remedies, individually and on behalf of the putative member(s) of the class(es) Plaintiff(s) seek to represent, must be denied in whole or in part because some or all of the alleged work activities described in Plaintiffs' Second Amended Complaint may not be compensable and/or are excluded from measured working time.

44.     Defendants have no companywide policy that permits off-the-clock work.  To the contrary, Defendants' policies prohibit off-the-clock work.

45.     Plaintiff(s) cannot establish "a common contention" that "is capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. _____, No. 10-277, 2011 WL 2437013, *7 (June 20, 2011).

46.     Plaintiff(s) (and/or the putative member(s) of the class(es) Plaintiff(s) seek to represent) are not entitled to a jury trial on any claims for equitable relief.

47.     Plaintiff(s)' claims (and/or those of the putative member(s) of the class(es) Plaintiff(s) seek to represent ) for injunctive and other equitable relief are barred on grounds that they have an adequate and complete remedy at law if they were to prevail with regard to their claims.

48.     Plaintiff(s)' claims and/or damages (and/or those of the putative member(s) of the class(es) Plaintiff(s) seek to represent) may be limited by the after-acquired evidence doctrine.

49.     Plaintiff(s)' claims for relief pursuant to the laws of any individual state are barred inasmuch as the state law claims are wholly preempted by federal law, including but not limited to the National Bank Act, 12 U.S.C. § 21.

50.     Plaintiffs' Second Amended Complaint and each and every purported claim alleged therein cannot be maintained in this Court because the named Plaintiffs and/or any similarly situated individuals Plaintiffs purport to represent, or some of them, are required to

individually submit their claims to mandatory final and binding arbitration pursuant to arbitration agreements or obligations covering their purported claims.

51.     Plaintiffs lack standing to bring the claims being asserted in this action and/or to seek some or all of the relief sought in their Second Amended Complaint on behalf of themselves and/or any of the putative member(s) of the class(es) Plaintiff(s) seek to represent.

52.     Defendants reserve the right to amend this Answer and/or assert additional affirmative defenses and/or counterclaims insofar as Plaintiff(s)' factual allegations and legal claims are clarified in the course of this proceeding.

WHEREFORE, the Court should deny Plaintiff(s)' request to certify this action (or any part thereof) as a class action and/or collective action; dismiss this action with prejudice, or alternatively enter judgment in favor of Defendants; award Defendants their costs and attorney fees to the extent justified by the facts to be developed in the case; and award Defendants such other and further relief as the Court may deem just and proper.

Dated: February 24, 2012

Respectfully submitted,

_/s Janell M. Ahnert_____
Counsel for Defendants
Merrill Lynch & Co., Inc., Merrill Lynch, Pierce,
Fenner & Smith Inc., & Bank of America
Corporation

PROSKAUER ROSE, LLP
Katharine A. Parker
Eleven Times Square
New York, NY 10036-8299
(212) 969-3009
(212) 969-2900 (Fax)
kparker@proskauer.com

- and-

MAYNARD, COOPER & GALE, P.C
Carole G. Miller, Esq. (admitted *pro hac vice*)
Janell M. Ahnert, Esq. (admitted *pro hac vice*)
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama  35203
cmiller@maynardcooper.com
jahnert@maynardcooper.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons via the Court's ECF system on February 24, 2012:

Linda D. Friedman
Jennifer Schoen Gilbert
STOWELL & FRIEDMAN, LTD.
303 West Madison St., Suite 2600
Chicago, Illinois, USA 60606
jgilbert@sfltd.com

Shona B. Glink, Esq.
MEITES, MULDER, & GLINK
321 South Plymouth Ct, St. 1250
Chicago, Illinois  60604
sbglink@mmmglaw.com

_/s/ Janell M. Ahnert_
OF COUNSEL