IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NANCY MARTIGNAGO, AMY FERGUSON, )
CINDY SELLERS, CATERINA DERKASCH, )
JUNE PARMAN-FLAX and ROBIN )
GRANDUSKY on behalf of themselves and all )
others similarly situated, )
                                                          )
         Plaintiffs, )
                                                          )
v. )
                                                          )
MERRILL LYNCH & CO., INC., MERRILL )
LYNCH, PIERCE, FENNER & SMITH )
INCORPORATED, BANK OF AMERICA )
CORPORATION, )
         Defendants.

Case No. 11 CIV 03923 (PGG)

**Judge Paul G. Gardephe**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/30/13

**ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT,
PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS,
APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND
APPROVAL OF PLAINTIFFS' PROPOSED NOTICES OF SETTLEMENT**

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement, Provisional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notices of Settlement ("Motion for Preliminary Approval"). Defendants agreed not to oppose the motion.

**I.    Preliminary Approval of Settlement**

    1.    Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval, the Declaration of Jennifer Schoen Gilbert ("Gilbert Declaration") and Declaration of Douglas M. Werman ("Werman Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement

1

and Release ("Settlement Agreement" or "Settlement") between Plaintiffs Nancy Martignago, Amy Ferguson, Cindy Sellers, Caterina Derkasch, June Parman-Flax and Robin Grandusky (together, "Plaintiffs"); and Defendants Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, and Bank of America Corporation (together, "Defendants"), attached to the Werman Declaration as Exhibit A.

2. The approval of a proposed class action settlement is a matter of discretion for the trial court. *See Maywalt v. Parker & Parsley Petroleum Co.*, 67 F 3d 1072, 1079 (2d Cir. 1998). "In exercising this discretion, courts should give proper deference to the private consensual decision of the parties." *Clark v. Ecolab, Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) (internal quotation marks omitted). "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation ...." *Id.* (alteration in original) (internal quotation marks omitted).

3. Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It simply allows notice to issue to the class and for Class Members to object to, opt-out of or opt-in to the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input.

4. Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Clark*, 2009 WL 6615729, at *3 (citing Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 11.25 (4th ed.2002) [hereinafter *Newberg*). "To grant preliminary approval, the court need only find that there is 'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *Id.* (quoting *In*

*re Traffic Executive Ass'n,* 627 F.2d 631,634 (2d Cir.1980)). "If, after a preliminary evaluation of the proposed settlement, the court finds that it "appears to fall within the range of possible approval," the court should order that the class members receive notice of the settlement." *Id.* (citing *Newberg* § 11.25).

5. The Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate. *See In re Traffic Exec. Ass'n,* 627 F.2d 631, 634 (2d Cir. 1980); *Johnson v. Brennan,* No. 10 Civ. 4712, 2011 WL 1872405,at*1 (S.D.N.Y. May 17,2011).

6. The Court finds that the Settlement Agreement is the result of extensive, arms' length negotiations by counsel well-versed in the prosecution of class and collective actions, including, but not limited to, wage and hour actions. Courts encourage early settlement of class actions, when warranted, because early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere. *See In re Interpublic Sec. Litig.,* Nos. 02 Civ. 6527, 03 Civ. 1194, 2004 WL 2397190, at * 12 (S.D.N.Y. Oct. 26, 2004) (noting that early settlements should be encouraged when warranted by the circumstances of the case); *Castagna v. Madison Square Garden, L.P.,* No. 09-cv-10211, 2011 WL 2208614, at *6 (S.D.N.Y. Jun. 7,2011) (commending Plaintiffs' attorneys for negotiating early settlement); *Diaz v. Locating Servo Inc.,* No. 1: 10-cv-4082, 2010 WL 5507912 (S.D.N.Y. Nov. 29,2010) (granting final approval of pre-suit class settlement in wage and hour case). The parties here acted responsibly in reaching an early settlement in this case. *See In re Interpublic Sec. Litig.,* 2004 WL 2397190, at * 12.

7. An experienced class action employment mediator, David Rotman, assisted the parties with the settlement negotiations and presided over a full-day mediation. This reinforces the non-collusive nature of the settlement. *Capsolas v. Pasta Res. Inc.,* No. 10 Civ. 5595, 2012 WL 1656920, at *1 (S.D.N.Y. May 9, 2012).

## II. Certification of the Proposed Rule 23 and FLSA Settlement Classes For Settlement Purposes Only

8. Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all Class Members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (discussing the advantages of certifying classes for settlement purposes); *Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271, 2011 WL 382200, at *1 (S.D.N.Y. Jan. 21, 2011) (conditionally certifying wage and hour settlement class and granting preliminary approval of settlement).

9. For settlement purposes only, the Court certifies the following sub-classes under Federal Rule of Civil Procedure 23(e) ("Settlement Class"):

  a. California Sub-Class: The California Sub-Class consists of all persons who were employed by Defendants as CAs at any time from February 1, 2008 through and including December 31, 2012 ("California Rule 23 Class");

  b. Maryland Sub-Class: The Maryland Sub-Class consists of all persons who were employed by Defendants as CAs at any time from February 1, 2009 through and including December 31, 2012 ("Maryland Rule 23 Class");

  c. New York Sub-Class: The New York Sub-Class consists of all persons who were employed by Defendants as CAs at any time from February 1, 2006 through and including December 31, 2012 ("New York Rule 23 Class"); and

        d.        Washington Sub-Class: The Washington Sub-Class consists of all persons who were employed by Defendants as CAs at any time from February 1, 2009 through and including December 31, 2012 ("Washington Rule 23 Class").

10.    Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

11.    Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are approximately 12,000 putative Rule 23 Class Members, (Werman Decl. ¶ 31), and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir.1995) ("[N]umerosity is presumed at a level of 40 members.").

12.    Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and the Class Members share common issues of fact and law, including whether Defendants properly paid the Class Members all the overtime pay for the time they worked in excess of forty hours a week in violation of state wage and hour laws, and failed to keep accurate records of time worked. *See Clark*, 2009 WL 6615729, at *3 (noting that common issues that help to satisfy the Rule 23 commonality requirement include "whether [Defendants] failed to pay Plaintiffs and the state settlement Class Members overtime premium pay for all hours they worked over 40 in a workweek; and … whether [Defendants] maintained accurate time records of the hours Plaintiffs and the state settlement Class Members worked").

13.    These alleged wage and hour violations related to overtime involve common operative facts stemming from corporate policies that affected the Class Members in the same way, and are thus sufficient to meet Rule 23(a)'s commonality factor. *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *3 (S.D.N.Y. Apr. 16, 2012) (finding that Rule 23(a)(2) was satisfied where all plaintiffs had "identical" claims that a defendant failed to

abide by state and federal labor laws); *Dorn*, 2011 WL 382200, at *2 (finding that Rule 23(a)(2) was satisfied where common issues included whether defendants violated wage and hour laws by, *inter alia*, failing to pay overtime and spread of hours pay, and failing to keep accurate records of time worked).

14. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims for overtime pay arise from the same factual and legal circumstances that form the basis of the Class Members' claims. *See Dorn*, 2011 WL 382200, at *2 ("Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims for overtime pay ... arise from the same factual and legal circumstances that form the basis of the class members' claims."); *Clark*, 2009 WL 6615729, at *4 (same); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 182 (W.D.N.Y. 2005) (finding that class members satisfied the typicality requirement where "all class members ... allege that Kodak failed to pay them ... overtime wages tor hours worked in excess of forty per week during the relevant time period").

15. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because there is no evidence that Plaintiffs' interests are antagonistic or at odds with the Class Members' interests. *See Capsolas*, 2012 WL 1656920, at *2 (finding that adequacy was met where there was no evidence that named plaintiffs' and class members' interests were at odds); *see also Toure v. Cent. Parking Sys.*, No. 05 Civ. 5237, 2007 WL 2872455, at *7 (S.D.N.Y. Sept. 28, 2007) ("The adequacy requirement exists to ensure that the named representative will 'have an interest in vigorously pursuing the claims of the class, and ... have no interests antagonistic to the interests of other class members.'") (alteration in original) (quoting *Penney v. Deutsche Bank AG*, 443 F .3d 253, 268 (2d Cir. 2006)). "[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status." *Dziennik v. Sealift, Inc.*, No. 05

CV. 4659, 2007 WL 1580080, at *6 (E.D.N.Y. May 29, 2007) (quoting *Martens v. Smith Barney Inc.*, 181 F.R.D. 243, 259 (S.D.N.Y.1998)) (internal quotation marks omitted).

16. Plaintiffs' Counsel, Jennifer Schoen Gilbert, Suzanne E. Bish and George Robot of Stowell & Friedman, Ltd. and Douglas M. Werman of Werman Law Office, P.C. meet the adequacy requirement of Rule 23(a)(4) because they "are experienced employment lawyers with good reputations among the employment law bar. They have prosecuted and favorably settled many employment law class actions, including wage and hour class actions." *Sewell*, 2012 WL 1320124, at *12 (internal quotation marks omitted); *see Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 158 (S.D.N.Y. 2008) (noting that the adequacy requirement of Rule 23(a)(4) is met where the attorneys "have an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area"). Likewise, both Stowell & Friedman, Ltd. and Werman Law Office, P.C. have been designated as class counsel in numerous class actions. *See, e.g., Schmidt v. Smith & Wollensky*, 268 F.R.D. 323, 328 n. 5 (N.D. Ill. 2010) ( "[T]his court notes that [Douglas Werman is] qualified to serve as class counsel in the pending litigation because [he is a] highly experienced attorney[] and [has] acted as class counsel in similar actions in federal and state courts.").

17. Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Class Members' common factual allegations and a common legal theory predominate over any factual or legal variations among Class Members. *See Clark*, 2009 WL 6615729, at *5 (finding common factual allegations and common legal theory to predominate over factual and legal variations among class members in wage and hour misclassification case); *see also Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) ("Plaintiffs have

7

introduced sufficient proof that Defendants engaged in a common practice to deny employees overtime pay. This issue predominates over any individual calculations of overtime wages ..."). "Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for Class Members, particularly those who lack the resources to bring their claims individually." *Campos v. Goode*, No. 10 Civ. 0224, 2010 WL 5508100, at *2 (S.D.N.Y. Nov. 29, 2010).

18. For settlement purposes only, the Court certifies the following class for collective action purposes under the Fair Labor Standards Act, 29 U.S.C. 216(b):

> a. FLSA Class: The FLSA Class consists of all persons who were employed by Defendants as CAs at any time from January 1, 2010 through and including December 31, 2012 in states other than California, Maryland, New York and Washington.

19. The Parties' Settlement with regard to FLSA Class Members, as defined in the Settlement Agreement, is approved as being a fair, equitable, and reasonable resolution of a *bona fide* dispute in this contested litigation.

### III. Appointment of Plaintiffs' Counsel as Class Counsel

20. The Court appoints Stowell & Friedman, Ltd. and Werman Law Office, P.C. as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *See Damassia*, 250 F.R.D. at 165 (explaining that Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, ... counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, ... counsel's knowledge of the applicable law, and ... the resources counsel will commit to representing the class") (alteration in original) (internal quotation marks omitted).

21. Class Counsel did substantial work identifying, investigating, prosecuting, and

settling Plaintiffs' and Class Members' claims.

22. Stowell & Friedman, Ltd. has extensive experience prosecuting and settling nationwide employment law class actions and is well-versed in wage and hour and class action law.

23. Werman Law Office, P.C. has extensive experience prosecuting and settling numerous wage and hour class and collective actions, including *Schmidt v. Smith & Wollensky*, 268 F.R.D. 323, 328 (N.D. Ill. 2010) (stating that "this court notes that [Douglas Werman is] qualified to serve as class counsel in the pending litigation because [he is a] highly experienced attorney[] and [has] acted as class counsel in similar actions in federal and state courts.").

24. Courts have repeatedly found Stowell & Friedman, Ltd. and Werman Law Office, P.C. to be adequate Class Counsel in employment law class actions, including wage and hour class actions.

25. The work that Plaintiffs' Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the Class Members' interests.

**IV.  Notices**

26. The Court approves the revised Proposed Notice of Proposed Settlement of Class Action and Collective Action Lawsuit and Fairness Hearing, revised as of February 22, 2013, attached as Attachment 2 to the Werman Declaration, and the revised Proposed Notice of Proposed Settlement of Collective Action Lawsuit and Fairness Hearing, revised as of February 22, 2013 (collectively, the "Proposed Notices"), attached as Attachment 3 to the Declaration of Douglas M. Werman.

27. The content of the Proposed Notices fully complies with due process and Federal Rule of Civil Procedure 23.

28.     Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting the exclusion; and the binding effect of a class Judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

29.     The Proposed Notices satisfy each of these requirements and adequately puts Class Members on notice of the proposed Settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.,* 150 F.R.D. 57, 60 (S.D.N.Y. 1993) ( "[S]ettlement notices need only describe the terms of the settlement generally"); *Dorn,* 2011 WL 382200, at *4. The Proposed Notices are appropriate because they describe the terms of the settlement, inform the classes about the allocation of attorneys' fees, and provide specific information regarding the date, time, and place of the final approval hearing. *Dorn,* 2011 WL 382200, at *4.

## V.     Class Action Settlement Procedure

30.     The Court hereby adopts the approval process set forth in the Settlement Agreement. The Court has further considered the Parties' dispute regarding the scope of information to be provided to Class Counsel as identified in paragraph 46 of the Settlement Agreement. Defendants shall provide Class Counsel the Class Member information identified in paragraph 46 of the Settlement Agreement.

## VI. Fairness Hearing

31. A fairness hearing to determine whether the Settlement should be finally approved will be conducted on **October 3, 2013 at 10:30 a.m.** in Courtroom 705 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York.

32. All papers in support of the Settlement shall be filed and served no later than seven (7) days prior to the Fairness Hearing.

33. The Court may adjourn the date of the Fairness Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

34. The Clerk of the Court is directed to terminate the motion (Dkt. No. 71).

Dated: New York, New York
April 29, 2013

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge