**STOWELL & FRIEDMAN, LTD.**　　**WERMAN LAW OFFICE, P.C.**
Jennifer Schoen Gilbert　　　　　　Douglas M. Werman
303 W Madison St, Suite 2600　　　77 W. Washington, Suite 1402
Chicago, IL 60606　　　　　　　　 Chicago, Il. 60602
Telephone: 312-431-0888　　　　　 Telephone: 312-419-1008
Jgilbert@sfltd.com　　　　　　　　dwerman@flsalaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANCY MARTIGNAGO, AMY FERGUSON, CINDY SELLERS, CATERINA DERKASCH, JUNE PARMAN-FLAX and ROBIN GRANDUSKY on behalf of themselves and all others similarly situated, | Case No. 11-cv-03923-PGG<br><br>**Judge Paul G. Gardephe** |
| Plaintiffs, | |
| v. | |
| MERRILL LYNCH & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, BANK OF AMERICA CORPORATION, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF CLASS COUNSEL'S REQUEST FOR AWARD OF FEES AND EXPENSES

TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................1

II. APPLICABLE LEGAL STANDARDS ...............................................................................1

III. CLASS COUNSEL'S FEE REQUEST IS FAIR AND REASONABLE ...........................2

    A. The Proposed Fee Award of Twenty-Five percent of the Settlement Recovery Is Reasonable In Light of The Significant Time and Lodestar Fees Expended by Class Counsel ................................................................................2

    B. The Proposed Fee Award is Reasonable Under the *Goldberger* Factors ....................4

        1. Time and Labor ................................................................................................4

        2. The Magnitude and Complexities of Litigation ...............................................6

        3. The Risk of Litigation ......................................................................................6

        4. Quality of Representation ................................................................................7

        5. Fee in Relation to the Settlement .....................................................................9

        6. Public Policy Considerations .........................................................................10

IV. CLASS COUNSEL ARE ENTITLED TO REIMBURSEMENT OF THEIR REASONABLE LITIGATION EXPENSES ....................................................................10

V. CONCLUSION ..................................................................................................................10

TABLE OF AUTHORITIES

Cases                                                                                                                Page

*Beckman v. Keybank, N.A.*, No. 12 Civ. 7836, 2013 WL 1803736 (S.D.N.Y. Apr. 29, 2013) .................................................................................................................. 3, 9

*Bellifemine v. Sanofi-Aventis U.S. LLC*, No. 07 Civ. 2207, 2010 WL 3119374 .......................... 3

*Cosgrove v. Sullivan*, 759 F. Supp. 166 (S.D.N.Y. 1991) ....................................................... 3, 9

*Cremin, et al v. Merrill Lynch*, 328 F. Supp.2d 865 (N.D.Ill.2004) ............................................ 8

*Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172 (W.D.N.Y) 2011).............................. 9

*Goldberger v. Integrated Res. Inc.*, 209 F.3d 43 (2d. Cir. 2000)................................................. 4

*Hernandez v. Merrill Lynch & Co., Inc.*, 11 Civ. 8472, 2013 WL 1209563 (S.D.N.Y. Mar. 21, 2013)..................................................................................................................... 9

*In re Global Crossing*, *Sec. & ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004) .......................... 7

*In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180 (S.D.N.Y. 2003) .............. 10

*In re Ramp Corp. Sec. Litig.*, No. 05 Civ. 6521, 2008 WL 58938 (S.D.N.Y. Jan. 3, 2008) ................................................................................................................................ 2

*In re RJR Nabisco, Inc. Sec. Litig.*, No. 88 Civ. 7905, 1992 WL 210138 (S.D.N.Y. Aug. 24, 1992) ........................................................................................................................ 3, 9

*In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393 (S.D.N.Y. 1999) .......................................... 2

*Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2010 WL 2025106 (E.D.N.Y. Jan. 20, 2010) ................................................................................................................................ 9

*Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358 (S.D.N.Y. Jan. 29, 2002) ................ 3, 9

*McMahon v. Olivier Cheng Catering and Events*, No 08 CV 8713, 2010 WL 2399328 (S.D.N.Y. Mar. 3, 2010) ...................................................................................... 1, 2, 10

*McReynolds, et al. v. Merrill Lynch*, 672 F.3d 481 (7th Cir., 2012)............................................ 8

*Sewell v. Bovis Land Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124 (S.D.N.Y. Apr. 16, 2012) ......................................................................................................................... 3

*Silva v. Little Fish Corp.*, No. 10 CV 7801, 2012 WL 2458214 (S.D.NY, May 1, 2012) ....... 1, 2

*Taft v. Ackermans*, No. 02 Civ. 7951, 2007 WL 414493 (S.D.N.Y. Jan. 31, 2007)................... 7

*WalMart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (U.S. 2011) ..................................................... 6

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) .............................. 2

Class Counsel, Stowell & Friedman, Ltd. ("Stowell & Friedman") and Werman Law Office, P.C. ("Werman Law Office"), respectfully submit this Memorandum of Law in Support of Class Counsel's Request for Award of Fees and Reimbursement of Expenses.

## I. INTRODUCTION

Class Counsel zealously represented these Settlement Classes for several years without any assurance of compensation for their work or reimbursement for costs advanced. As a result, the parties reached a settlement that provides for $12,000,000 to be paid to current or former Merrill Lynch & Co., Inc. and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") Client Associates ("CAs"). The Court granted preliminary approval of the Settlement and notified Class Members that Class Counsel would seek a fee of twenty-five percent of the Settlement Fund for attorneys' fees and reimbursement of litigation expenses. No Class Member has objected to the attorneys' fees and costs provision of the Settlement. On the contrary, the Settlement has been well received by Class Members. No Class Member objected to the Settlement, and only 11 of the 4,250 Rule 23 Class Members (or 0.2588%, far less than 1%) excluded themselves from the Settlement. Class Counsel respectfully submit that by prosecuting this suit and accepting full risk of loss, they have served the bar honorably and carried out the intent and purpose of the federal and state wage and hour laws. Because the fee and expense reimbursement they seek is reasonable and fair and consistent with the law of this District and Circuit, Class Counsel request that the Court approve Class Counsel's fees and costs.

## II. APPLICABLE LEGAL STANDARDS

On two recent occasions, this Court considered the reasonableness of fee requests in wage and hour class action settlements. *Silva v. Little Fish Corp.*, No. 10 CV 7801, 2012 WL 2458214 (S.D.N.Y., May 1, 2012) (Gardephe, J.); *McMahon v. Olivier Cheng Catering and*

1

*Events*, No 08 CV 8713, 2010 WL 2399328 (S.D.N.Y. Mar. 3, 2010) (Gardephe, J.). Explaining that the purpose of fee awards in wage and hour cases is to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel," this Court expressed approval for the "percentage-of-recovery" method of computing fees as the "trend in this Circuit."[1] *Silva*, 2012 WL 2458214, at *2; *McMahon*, 2010 WL 2399328, at *7. Under that approach, courts award a percentage of the recovered common fund to Class Counsel as fees. This Court in *Silva* and *McMahon* approved an award to Class Counsel of one-third of the common fund after using the lodestar as a "cross-check" on the reasonableness of that fee. In doing so, this Court acknowledged that courts applying the percentage of recovery method "regularly award lodestar multipliers from 2 to 6 times lodestar." *McMahon*, 2012 WL 2399328 at *8.

Class Counsel's requests for fees and costs is reasonable and fair under this Court's analysis in *Silva* and *McMahon* and governing legal precedent.

### III. CLASS COUNSEL'S FEE REQUEST IS FAIR AND REASONABLE

A. *The Proposed Fee Award of Twenty-Five Percent of the Settlement Recovery Is Reasonable In Light of The Significant Time, Effort and Resulting Lodestar Fees of Class Counsel*

As Class Counsel previously informed this Court and the Class Members, Class Counsel is seeking attorneys' fees of twenty-five percent of the Settlement Fund recovered for the benefit of the class. Twenty-five percent of the recovery is well within the percentage of recovery fees regularly approved in this District and Circuit. *McMahon* WL 2399328, at *7.

---

[1] One of the primary benefits of the percentage-of- recovery method is that it aligns the interests of class members with their attorneys. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005); *In re Ramp Corp. Sec. Litig.*, No. 05 Civ. 6521, 2008 WL 58938, at *2 n.2 (S.D.N.Y. Jan. 3, 2008). It also directly aligns the fee with market practices by mimicking the compensation system actually used by individual clients. *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 397 (S.D.N.Y. 1999).

Class Counsel spent approximately 2,731 hours litigating, settling, and monitoring this matter on behalf of Class Members.  *See* Exhibit A, Declaration of Douglas M. Werman, ¶ 31 ("Werman Decl."); Exhibit B. Declaration of Jennifer Schoen Gilbert, ¶ 13 ("Gilbert Decl."). The time spent by Class Counsel is described in Class Counsel's Declarations.  *Id.*  The hours worked by Class Counsel at their reasonable hourly rates result in a lodestar of approximately $1,154,316.50.  Ex. A, Werman Decl., ¶ 32; Ex. B. Gilbert Decl., ¶ 13.   The fee request of Class Counsel results in a multiplier of approximately 2.60 times their lodestar.

As this Court previously held, multipliers considerably higher than the one sought by Class Counsel are regularly approved. *See  Beckman v. Keybank, N.A.*, No. 12 Civ. 7836, 2013 WL 1803736, at *14 (S.D.N.Y. Apr. 29, 2013) (awarding multiplier of approximately 6.3); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 371 (S.D.N.Y. Jan. 29, 2002) ("modest multiplier" of 4.65 in wage and hour class action was "fair and reasonable"); *In re RJR Nabisco, Inc. Sec. Litig.*, No. 88 Civ. 7905, 1992 WL 210138, at *5 (S.D.N.Y. Aug. 24, 1992) (awarding multiplier of 6); *Cosgrove v. Sullivan*, 759 F. Supp. 166, 167 n.1 (S.D.N.Y. 1991) (awarding multiplier of 8.74).

Moreover, "where 'class counsel will be required to spend significant additional time on this litigation in connection with implementing and monitoring the settlement, the multiplier will actually be significantly lower' because the award includes not only time spent prior to the award, but after in enforcing the settlement." *Sewell v. Bovis Land Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *13 (S.D.N.Y. Apr. 16, 2012) (quoting *Bellifemine v. Sanofi-Aventis U.S. LLC*, No. 07 Civ. 2207, 2010 WL 3119374, at *6 (S.D.N.Y. Aug. 6, 2010)).  Class Counsel will spend additional time working on this case, including preparing for and attending the final Fairness Hearing and answering Class Member questions, answering questions from

the Settlement Claims Administrator, and negotiating and possibly litigating disagreements with Defendants about administering the Settlement and distributing the Fund.  Ex. A, Werman Decl. ¶ 34; Ex. B, Gilbert Decl., ¶ 18.  Thus, the multiplier of 2.60 of the lodestar is within or below the range of similar fee awards and represents a multiplier that is overstated because of the work that Class Counsel will perform after submitting their fee request.

    B.   *The Proposed Fee Award is Reasonable Under the Goldberger Factors*

Another way for this Court to confirm the reasonableness of Class Counsel's fee request is to consider the six factors set forth in the Second Circuit's decision in *Goldberger v. Integrated Res. Inc.*, 209 F.3d 43 (2d. Cir. 2000): (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations.  The *Goldberger* factors provide further support for approving Class Counsel's fee request.

    1.  <u>Time and Labor</u>

Class Counsel has invested substantial time and labor in the litigation and successful resolution of this case, which began well before this case was filed.  Ex. B, Gilbert Decl., ¶ 23.  Before the initiation of this action, Class Counsel conducted in-depth interviews of the Named Plaintiff and Merrill Lynch brokers to determine whether sufficient facts existed to support a claim that Defendants violated the overtime provisions of the Fair Labor Standards Act ("FLSA") by compelling Client Associates ("CAs") to work overtime that was "off the clock" and/or by failing to properly compute overtime wages for CAs who were paid for overtime.  *Id.*  Following the filing of the lawsuit but before the Settlement was reached, Class Counsel interviewed in excess of 35 Class Members and additional witnesses about the Firm's

4

overtime practices and their experiences and wage losses. *Id*. at ¶ 25. These Class Members worked or had worked in various Merrill Lynch branch offices across the country. *Id*. Class Counsel also reviewed documents related to CAs' employment with Merrill Lynch, including pay records, employee handbooks, and other relevant documents. *Id.* Thereafter, Class Counsel twice amended the Complaint to ultimately include six Named Plaintiffs and filed Consent to be Party Plaintiff pleadings for eight additional class members to join the Litigation ("Consent Plaintiffs"). *Id*. at ¶¶ 26, 28.

Early in this Litigation, Defendants sought to transfer this case and to dismiss certain claims. Ex. B, Gilbert Decl., ¶ 24. After Defendants' motion to sever and transfer this action was fully briefed and denied, Class Counsel and defense Counsel participated in several conferences and follow-up discussions in an attempt to streamline the litigation. *Id*. at ¶ 30. During these conversations, the parties summarized their litigation positions, and Class Counsel requested discovery related to the details of how Defendants paid Plaintiffs and other CAs nationwide. Ex. A, Werman Decl., ¶ 8; Ex. B, Gilbert Decl., ¶ 30. In furtherance of those conversations, and at the repeated requests of Class Counsel, Defendants agreed to produce substantial workforce and payroll data, including tens of thousands of lines and fields of electronic payroll data reflecting the amounts and categories of earnings paid to class members over the relevant time periods. Ex. A, Werman Decl., ¶ 9. Over several months, Class Counsel analyzed that electronic payroll data, which was extracted from three independent payroll systems, to determine Defendants' manner and method of calculating overtime pay for CAs. *Id.* at ¶ 9. The parties then agreed to participate in private mediation in an effort to resolve the class claims. Ex. B, Gilbert Decl., ¶ 32.

On August 28, 2012, the parties participated in a full day mediation session in San

Francisco, California with David Rotman, Esq., a well-respected and experienced mediator in wage and hour law.  Ex. A, Werman Decl., ¶ 10.  At the mediation, the parties argued their respective positions and exchanged additional information and debated additional legal arguments and the results of their respective data analyses.  *Id.*; Ex. B, Gilbert Decl., ¶ 33.  The arm's-length negotiations were highly contested and did not result in a settlement at the mediation.  During the next five months, the parties negotiated the terms of the settlement that were memorialized in the Settlement Agreement ultimately presented to the Court.  Ex. A, Werman Decl., ¶ 10; Ex. B, Gilbert Decl., ¶ 34.  Plaintiffs then moved this Court for Preliminary Approval of the Settlement on February 22, 2013, Dkt. No. 73, which was granted.  Classes were certified for the purposes of effectuating the Settlement on April 30, 2013.  Dkt. No. 76.

    2. The Magnitude and Complexities of Litigation

The claims in this case were complex and involved multiple sub-classes under different federal and state laws.  The case was a nationwide class action that spanned several years and was prosecuted in the wake of great legal uncertainty following the Supreme Court's decision in *WalMart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (U.S. 2011), which the defense argued narrowed the potential for class certification.  Thus, the facts and the law involved in this large class action were complex.

    3. The Risk of Litigation

Class Counsel took substantial risk of non-payment to prosecute the FLSA and Rule 23 Class claims.  Named Plaintiffs retained Class Counsel pursuant to a one-third contingency fee.  Named Plaintiffs had no ability or obligation to pay fees or advance litigation expenses. One allegation in the Class Complaint highlights the risk of litigation.  The class alleged that

Defendants regularly required CAs to work overtime "off-the-clock."  CAs were not paid for this time.  CAs report not only to Merrill Lynch branch managers but also to the brokers to whom they are assigned. Class Counsel was aware that brokers typically had discretion to determine the salary, supplemental pay, and bonuses of CAs.  Thus, participating in an off-the-clock claim for overtime compensation meant that CAs would not only be accusing the Firm of unlawfully denying them overtime compensation, but also accusing the brokers to whom CAs directly reported of potentially unlawful conduct.  As the Second Amended Complaint alleged, the brokers were a substantial source of income to CAs.  Thus, a major risk from the outset of the litigation was whether CAs would come forward and risk their careers and discretionary pay from brokers to support this litigation, which sought recovery of only the overtime portion of pay.  Class Counsel was aware from the outset of the lawsuit of the very real possibility that CAs would not come forward after balancing the potential monetary recovery against the very real possibility that brokers would no longer want to work with or pay high salaries, supplemental pay, or bonuses to CAs who made claims against them and the Firm.  Class Counsel knew that without CAs providing testimony to support off-the-clock claims, it would be difficult to develop a record to prove this claim on a nationwide basis. Thankfully, the CAs had the courage to come forward to support the litigation. Without this support, recovery would have been limited to the recorded time and very difficult.  As explained *supra*, litigating a class action in the post-*Dukes* wake of uncertainty also presented substantial risk of loss.

    4.    <u>Quality of Representation</u>

In determining the quality of representation, courts look to the results of the litigation and to the backgrounds of the lawyers involved in the lawsuit.  *Taft v. Ackermans*, No. 02 Civ. 7951, 2007 WL 414493, at *10 (S.D.N.Y. Jan. 31, 2007) (citing *In re Global Crossing*, *Sec. & ERISA*

7

*Litig.*, 225 F.R.D. 436, 467 (S.D.N.Y. 2004)).

Here, the recovery was substantial, particularly given the nature of the claim. Defendants agreed to pay $12,000,000 million to settle this litigation to benefit and provide monetary recovery to CAs nationwide who chose to opt in to the FLSA Class and to all CAs who did not opt out of the Federal Rule of Civil Procedure 23 ("Rule 23") California, Washington, Maryland and New York Classes.  The Net Settlement Fund was weighted to account for the relative sizes of the California, Washington, Maryland, and New York Rule 23 classes based on workweeks.  Every Rule 23 Class Member (who did not opt-out) will receive monetary relief.

Weighing the benefits of the Settlement against the risks associated with proceeding in the litigation, the Settlement is robust.  The Settlement's monetary relief will be available to Class Members without the uncertainty and delay of trial or having to make public allegations against the brokers to whom they are assigned or Merrill Lynch.

In this lawsuit, two laws firms collaborated to represent the Classes in an efficient and beneficial manner.  Stowell & Friedman has substantial class action litigation experience, particularly in the securities industry.  The Firm has spent much of the past two decades in litigation against Wall Street financial services firms, including successfully prosecuting class actions against Merrill Lynch for gender and race discrimination, and has recovered hundreds of millions of dollars for women and minority brokers.  Ex. B, Gilbert Dec. ¶ 4-6. *See e.g. McReynolds, et al. v. Merrill Lynch*, 672 F.3d 481 (7th Cir., 2012)(class action race discrimination); *Cremin, et al v. Merrill Lynch*, 328 F. Supp.2d 865 (N.D.Ill.2004) (class action gender discrimination).  Thus, Stowell & Friedman is extremely well-versed in Merrill Lynch policies, practices, and culture.  *Id*. at ¶ 6.  The Werman Law Office has substantial experience

in prosecuting large-scale wage and hour class and collective actions. Ex. A, Werman Decl. ¶ 13-15. Together the two firms had complimentary skills and were a particularly well-suited team to drive a favorable settlement for the Classes. Ex. A, Werman Decl. ¶ 26; Ex. B, Gilbert Dec. ¶8.

### 5. Fee in Relation to the Settlement

The size of the $12,000,000 million settlement weighs in favor of granting the requested fee award of twenty-five percent of the common fund. *See, e.g., Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172, 183-86 (W.D.N.Y) 2011) (awarding one- third of a $42 million settlement in a FLSA and NYLL wage and hour case). Courts in this Circuit have regularly granted requests for as much as one-third of the fund in cases with settlement funds similar to or substantially larger than this one, whereas in this case Class Counsel seeks only twenty-five percent, including its out-of-pocket litigation expenses. *See, e.g.*, *Beckman*, 2013 WL 1803736, at *14 (awarding one-third of $4.9 million fund FLSA overtime case); *Hernandez v. Merrill Lynch & Co., Inc.,* 11 Civ. 8472, 2013 WL 1209563 (S.D.N.Y. Mar. 21, 2013) (awarding one-third of $6.9 million fund in FLSA and NYLL overtime case); *Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2010 WL 2025106, at *8-9 (E.D.N.Y. Jan. 20, 2010) (awarding class counsel one-third of $9.25 million settlement fund in FLSA and multi-state wage and hour case). The multiplier is also within the lower range of multipliers awarded by courts in this Circuit. *See, e.g.*, *Beckman*, 2013 WL 1803736, at *14 (awarding multiplier of approximately 6.3); *Maley*, 186 F. Supp. 2d at 371 ("modest multiplier" of 4.65 in wage and hour class action was "fair and reasonable"); *In re RJR Nabisco, Inc. Sec. Litig.*, 1992 WL 210138, at *5 (awarding multiplier of 6); *Cosgrove*, 759 F. Supp. at 167 n.1 (awarding multiplier of 8.74).

### 6. Public Policy Considerations

As this Court explained in *McMahon*, "[t]he FLSA and NYLL are remedial statutes, the purpose of which are served by adequately compensating attorneys who protect wage and hour rights." *McMahon*, 2010 WL 2399328, at *7. Thus, public policy favors a common fund attorneys' fee award. *Id.*

Accordingly, for all of the reasons set forth *supra*, Class Counsel's request for a fee of twenty-five percent of the Settlement Fund is reasonable and fair and consistent. Cross-checked against the lodestar, the twenty-five percent fee award does not result in either a windfall to Class Counsel or an excessive multiplier.

## IV. CLASS COUNSEL IS ENTITLED TO REIMBURSEMENT OF THEIR REASONABLE LITIGATION EXPENSES

Class Counsel requests reimbursement of $29,967.61 in out-of-pocket expenses to be paid as part of the twenty-five percent of the Settlement Fund they are seeking as attorneys' fees and reasonable litigation expenses. "Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients." *In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (internal quotation marks omitted). Here, Class Counsel's actual expenses of $29,967.61 were incidental and necessary to the representation of the Class. Ex. A, Werman Decl., ¶ 36; Ex. B, Gilbert Decl., ¶ 20. These expenses include court and process server fees, postage and courier fees, transportation, working meals, photocopies, electronic research, and Plaintiffs' share of the mediator's fees. Ex. A, Werman Decl., ¶ 36; Ex. B, Gilbert Decl., ¶ 20.

## V. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their

Motion for Class Counsel's Request for Award of Fees and Expenses, and enter an Order awarding attorneys' fees and expenses in the amount of $3,000,000, which represents twenty-five percent of the Settlement Fund.

Dated:  September 26, 2013                           Respectfully submitted,

                By:  s/ Jennifer Schoen Gilbert

                Jennifer S. Gilbert,
                New York Bar No. 4971677
                Suzanne E. Bish
                George Robot
                **STOWELL & FRIEDMAN, LTD.**
                303 W. Madison, Suite 2600
                Chicago, Illinois  60606
                312-431-0888 (phone); 312-431-0228 (fax)
                JGilbert@sfltd.com

                Douglas M. Werman
                **WERMAN LAW OFFICE, P.C.**
                77 West Washington, Suite 1402
                Chicago, IL 60602
                312-419-1008 (phone)
                312-419-1025 (fax)
                DWerman@flsalaw.com
                (*pro hac vice*)

                ***Attorneys for Plaintiffs and the Class***